HUNTERDON CENTRAL HIGH SCHOOL BOARD OF EDUCATION, RESPONDENT, v. THE HUNTERDON CENTRAL HIGH SCHOOL TEACHERS' ASSOCIATION, APPELLANT.

Argued March 24, 1981—Decided April 30, 1981.

*Stephen E. Klausner* argued the cause for appellant (*Klausner & Hunter*, attorneys).

*James P. Granello* argued the cause for respondent (*Murray, Granello & Kenney*, attorneys; *James P. Granello* and *Charles X. Gormally*, on the briefs).

*Don Horowitz*, Deputy General Counsel, argued the cause for respondent Public Employment Relations Commission (*Sidney H. Lehmann*, General Counsel, attorney).

PER CURIAM.

The judgment is affirmed substantially for the reasons expressed in the opinion of the Appellate Division, reported at 174 *N.J.Super.* 468 (1980).

HANDLER, J., concurring.

I also vote with my colleagues to affirm the judgment of the Appellate Division substantially for the reasons expressed in the court's opinion, 174 *N.J.Super.* 468 (1980). I write additionally to emphasize the narrowness of the constitutional issue presented and disposed of below. The appellate court correctly concluded that providing public employees with days off from work with pay for the exclusive purpose of religious observation without a deduction of either a personal day, vacation day, a day's wage, or the like, violated the Establishment Clause.

This narrow constitutional holding is consistent with the issues that were presented by the parties in this litigation, first to the Public Employer Relations Commission and thereafter by appeal to the Appellate Division. Consequently, the ruling of that court, now affirmed by us, properly adjudicates the contested claims.

Our disposition, however, as recognized by the Appellate Division, 174 *N.J.Super.* at 477 n.1, should not be construed to suggest that it is not constitutionally possible for public employers otherwise to accommodate the religious beliefs and practices of employees within the framework of subjects constituting terms and conditions of employment. *N.J.S.A.* 34:13A–5.3 and –5.4. Although not directly implicated by the narrow issue as presented in this case, it has been recognized that government accommodations of religious beliefs and practices may be consistent with establishment principles under the First Amend-

ment. See *Zorach v. Clauson*, 343 *U.S.* 306, 72 *S.Ct.* 679, 96 *L.Ed.* 954 (1952) (allowing students leave time from public school for religious study is constitutional); *Nottelson v. Smith Steel Workers*, 643 *F.2d* 445, (7 Cir. 1981) (Title VII of 1964 Civil Rights Act, which requires reasonable accommodation of employees' religious beliefs unless undue hardship would result, is constitutional); *Trans World Airlines v. Hardison*, 432 *U.S.* 63, 97 *S.Ct.* 2264, 53 *L.Ed.2d* 113 (1977) (same by implication); *Student Members of Playcrafters v. Bd. of Ed. of Teaneck*, 177 *N.J.Super.* 66 (App.Div.1981), certif. pending (constitutional to prohibit extracurricular activities in public school on Friday evenings, Saturday days and Sunday mornings in order to avoid infringing upon the religious liberties of students); L. Tribe, *American Constitutional Law* § 14–5 at 823 (1978) (anything which is "arguably compelled" by the free exercise of religion does not violate the prohibition against the establishment of religion). Moreover, some courts have determined that accommodation of religious beliefs can be required under a state constitutional provision or the Free Exercise Clause, and have found such constitutional mandates to be consonant with the Establishment Clause. See *Rankins v. Commission of Prof. Comp. of Ducor*, 24 *Cal.3d* 167, 154 *Cal.Rptr.* 907, 593 *P.2d* 852 (Sup.Ct.1979) (obliged under state constitutional prohibition of employment discrimination to allow employees unpaid leave for observance of religious holy days without fear of penalty); *Niederhuber v. Camden County Vocational & Technical School District*, 495 *F.Supp.* 273 (D.N.J.1980) (same under the Free Exercise Clause).

I note this dimension to the problem simply to underscore what has not been considered or decided by our decision today.

HANDLER, J., concurring in the result.

*For affirmance*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*For reversal*—none.