

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-1997

# Kelly v. Sayreville

Precedential or Non-Precedential:

Docket 96-5342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Kelly v. Sayreville" (1997). *1997 Decisions.* Paper 57.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/57

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-5342

CHARLES F. KELLY,

Appellant

v.

BOROUGH OF SAYREVILLE, NEW JERSEY;
DOUGLAS A. SPRAGUE, CHIEF OF POLICE OF
THE BOROUGH OF SAYREVILLE

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 94-05460)

Argued February 11, 1997

BEFORE:  GREENBERG, COWEN, and MCKEE, Circuit Judges

(Filed: March 5,1997)

Richard J. Kaplow (argued)
53 Elm Street
Westfield, NJ 07090

Attorney for Appellant

Robert T. Clarke (argued)
Daniel P. Murphy
Apruzzese, McDermott, Mastro
& Murphy
25 Independence Boulevard
P.O. Box 112
Liberty Corner, NJ 07938

Attorneys for Appellee

Robert E. Anderson
Public Employment Relations
Commission
CN 429
Trenton, NJ 08625

Attorney for Amicus

1

---

OPINION OF THE COURT

---

GREENBERG, Circuit Judge.


Charles Kelly, a police officer, appeals in this action involving his ongoing disputes with the appellees, the municipality which employs him and its chief of police, from the district court's order dismissing his complaint brought under 42 U.S.C. § 1983. The district court entered the order on the grounds that by reason of prior New Jersey administrative proceedings involving the subject matter of Kelly's current action, the New Jersey entire controversy doctrine barred this case and that, in any event, the complaint failed to state a claim upon which relief may be granted. Kelly v. Borough of Sayreville, 927 F. Supp. 797 (D.N.J. 1996). Inasmuch as we hold that the district court properly dismissed the complaint on the latter ground, we need not consider the entire controversy ruling, though we note that we have significant reservations concerning the district court's disposition of that issue.


## 1. Jurisdiction and Standard of Review

The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), and we have jurisdiction over Kelly's timely appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the district court's dismissal of Kelly's complaint. See

2

Schrob v. Catterson, 948 F.2d 1402, 1408 (3d Cir. 1991). In considering this appeal from an order dismissing a complaint for failure to state a claim upon which relief can be granted, we accept Kelly's allegations as pleaded as true, and we draw all reasonable inferences in his favor. See id. at 1405. We can affirm the dismissal only if it is certain that Kelly cannot attain relief under any set of facts that he could prove. See id. at 1408.

## 2. Background

On November 20, 1992, appellees, the Borough of Sayreville and its Chief of Police, Douglas Sprague, filed a formal written preliminary notice of disciplinary action against Kelly, a Sayreville police officer who serves as the president and employee representative of the Sayreville Policemen's Benevolent Association Local No. 98. The disciplinary notice delineated 12 charges against Kelly and stated that Sayreville and Sprague were seeking his permanent removal from the police department. In response, Kelly and the PBA filed an application for an order to show cause with temporary restraints and an unfair practice charge with the New Jersey Public Employment Relations Commission ("PERC") alleging that in bringing the charges the appellees violated the New Jersey Employer-Employee Relations Act, N.J. Stat. Ann. § 34:13A-1 et seq. (West 1988), and infringed Kelly's First Amendment free speech rights.

PERC issued an order to show cause on the application on January 4, 1993, and a PERC hearing examiner held a hearing on

3

the order to show cause on February 17, 1993. The examiner, however, did not restrain the prosecution of the disciplinary proceedings against Kelly because Sayreville agreed to postpone those proceedings pending the disposition of the PBA unfair practice charge. A PERC hearing examiner then held hearings on the unfair practice charge on May 27 and 28, and June 3, 8, and 17, 1993. At these hearings, the PBA requested that PERC order the withdrawal of the disciplinary proceedings directed toward Kelly's removal from the police department.

On December 6, 1993, the examiner issued a report and recommendation finding that Sayreville had violated the New Jersey Employer-Employee Relations Act. He recommended that PERC order Sayreville to cease and desist from violating the Act, that the disciplinary charges against Kelly be withdrawn, and that Sayreville expunge any references to the charges from his personnel file. H.E. No. 94-11, at 33-34 (Dec. 6, 1993). On April 29, 1994, PERC issued its decision and order remanding the matter to the hearing examiner for clarification of his report and recommendation. P.E.R.C. No. 94-104 (Apr. 28, 1994). The examiner then issued a supplemental recommended order on July 22, 1994. H.E. No. 95-5 (July 22, 1994). On May 24, 1995, PERC issued its final decision, incorporating the hearing examiner's findings and ordering that the disciplinary proceedings against Kelly be withdrawn and that Sayreville cease and desist from discriminating against Kelly on the basis of his actions in the performance of his duties as PBA president. P.E.R.C. No. 95-97, at 12 (May 23, 1995). Neither the hearing examiner nor PERC

4

considered Kelly's First Amendment claim on the merits, P.E.R.C. No. 94-104, at 3, and neither Kelly nor appellees appealed PERC's decision to the New Jersey courts.

On November 17, 1994, Kelly filed the complaint in this case in the district court seeking damages, alleging that the appellees violated 42 U.S.C. § 1983 in their treatment of him. In particular, Kelly asserted that during his tenure as the PBA president the appellees subjected him to an unjustified continuous series of reprimands, disciplinary actions, reprisals, and job-related actions motivated by Sprague's personal dislike for and malice toward him. Kelly asserted that the appellees' actions violated his liberty and property interests without due process of law. Kelly claimed he therefore suffered substantial monetary loss, humiliation, damage to his reputation, and emotional and physical injury. He did not specify, however, the basis for his claim of monetary loss, and thus he did not claim that he lost compensation or other employment benefits by reason of appellees' actions. The district court complaint mirrors the PERC charges for Kelly acknowledges that "the specific factual allegations of [his] District Court complaint refer directly and specifically to the underlying facts and circumstances which were raised and litigated in the PERC administrative proceeding. . . ." Br. at 10. The administrative and district court proceedings differ, however, in that in the court action, unlike in the administrative proceeding, Kelly alleged a claim for damages for reputation and psychological injuries.

5

The appellees filed a motion to dismiss which the district court granted by order of May 10, 1996, holding that because Kelly could have raised his federal constitutional claims before PERC, the New Jersey entire controversy doctrine barred his district court action. Kelly, 927 F. Supp. at 805. The district court also dismissed the complaint for failure to state a claim upon which relief could be granted. Id. at 805-06. Kelly then filed this appeal. As we have indicated, we address only the second ruling.

### 3. Discussion

Initially we point out that the district court found that Kelly had not responded to the motion to dismiss for failure to state a claim upon which relief could be granted. Kelly, 927 F. Supp. at 806. The court nevertheless decided the motion on the merits rather than grant it as unopposed. In these circumstances, we, too, will address the merits of the motion to dismiss.

In his complaint, Kelly asserted a section 1983 action based on the alleged violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution. He claimed that the appellees injured him by repeatedly filing groundless disciplinary charges against him. The district court held that Kelly could not state a claim for violation of his Fifth, Sixth, and Eighth Amendment rights. Id. at 805-06. In arriving at this result, it indicated that Kelly's Fifth Amendment claim fails because he has not alleged wrongdoing on

6

the part of the federal government, his Sixth Amendment claim fails because he is not a criminal defendant, and his Eighth Amendment claim fails because he is not a convicted criminal defendant subjected to punishment in the context of criminal proceedings. We will affirm these dispositions summarily because we agree with the district court that the Sixth and Eighth Amendments are clearly not applicable here, and Kelly's remaining claims raise due process of law contentions which in this action against a municipality and one of its officials we consider under the Fourteenth Amendment. The district court dismissed the Fourteenth Amendment claim on the ground that the appellees' action had not deprived Kelly of any liberty or property interest, and we will address that disposition at length.

On appeal, Kelly argues that his complaint sufficiently alleged the constitutional violations of which he complains. He contends that "[a]ll of the required elements of [his] theory of injury and resulting harm are adequately set forth in the complaint." Br. at 31. In his complaint Kelly alleged damage to his liberty interest in his reputation and his property interest in his employment. Appellees argue, however, that any reputation damage Kelly may have suffered due to their filing of disciplinary charges is not sufficient to support a cause of action for violation of the due process clause of the Fourteenth Amendment. They argue further that even if Kelly identified a right that their actions altered or extinguished, he cannot establish that his liberty interest in his reputation was violated by their publication of false information about him.

7

They also contend that they did not injure his property interests. For these reasons, they argue that the district court properly dismissed his claim of a Fourteenth Amendment violation.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.) (citation and internal quotation marks omitted), cert. denied, 116 S.Ct. 165 (1995). Inasmuch as the appellees undoubtedly acted under color of state law, our inquiry focuses on whether they violated Kelly's property or liberty interests.

State law creates the property rights protected by the Fourteenth Amendment. Clark v. Township of Falls, 890 F.2d 611, 617 (3d Cir. 1989) (looking to Pennsylvania law to determine whether police officer enjoys a property right in the retention of his assigned duties). Thus, we must look to New Jersey law to determine what property interests Kelly enjoys in his employment as a police officer. Under New Jersey law:

> [N]o permanent member or officer of the police department or force shall be removed from his office, employment or position for political reasons or for any cause other than incapacity, misconduct, or disobedience of rules and regulations established for the government of the police department and force, nor shall such member or officer be suspended, removed, fined or reduced in rank from or in office, employment, or position therein, except for just cause as hereinbefore provided and then only upon a written complaint setting forth the charge or charges against such member or officer.

N.J. Stat. Ann. § 40A:14-147 (West 1993). Kelly undoubtedly had a property interest in his position. Furthermore, the appellees repeatedly filed disciplinary actions against Kelly so that they intended to interfere with that property interest. Nevertheless, as Kelly conceded at oral argument before us, they never suspended, removed, fined, or reduced him in rank, and he suffered no loss of compensation by reason of these disciplinary actions. Accordingly, while Kelly's complaint broadly asserts that he suffered substantial monetary loss, he has clarified his complaint to indicate that he seeks damages only for the continued pattern of harassment through the filing of groundless disciplinary charges, not for any particular adverse employment action. We hold that in those circumstances he has not alleged a property loss so that his claim cannot survive the motion to dismiss.

Kelly cites Richardson v. Felix, 856 F.2d 505 (3d Cir. 1988), and Perez v. Cucci, 725 F. Supp. 209 (D.N.J. 1989), aff'd, 898 F.2d 142 (3d Cir. 1990) (table), in support of his argument that he has asserted the deprivation of a protected property right. Although Richardson and Perez support the unquestionably correct proposition that public employees may enjoy constitutionally protected property rights in their employment, Richardson, 856 F.2d at 509; Perez, 725 F. Supp. at 243, these cases are distinguishable as they involved interference with employment rights. In Richardson the plaintiff was given the option of resigning or being terminated, so that the government impaired his property interest in his continued employment when

9

it deprived him of that interest without prior notice or hearing. Richardson, 856 F.2d at 505. Similarly, in Perez the plaintiff was demoted for precluded political reasons and without required procedural protections. We reiterate that in contrast the appellees never discharged or demoted Kelly, and he lost no compensation or other employment benefits by reason of their actions. Accordingly, the appellees never deprived Kelly of a property interest in his employment, so he has failed to state a claim for deprivation of a property interest in violation of the Fourteenth Amendment.

Kelly also argues that he was deprived of his liberty interest in his reputation. Yet, as we explained in Clark v. Township of Falls, "reputation alone is not an interest protected by the Due Process Clause." Clark, 890 F.2d at 619. Clark relied on Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155 (1976), which held that a plaintiff complaining that his liberty interest in his reputation has been injured states an actionable claim only if he has suffered an additional deprivation. Accordingly, in Clark we held that because the plaintiff, a police lieutenant, had not demonstrated the deprivation of any protectable right beyond the injury to his reputation, he could not succeed on his constitutional claim. Id. at 620. In particular the plaintiff in Clark, like Kelly, maintained his rank within the police department. Furthermore, we rejected the plaintiff's claim in Clark to the extent that he predicated it on an argument that the defendants' actions diminished his future employment prospects. In reaching this result we explained that the "possible loss of

10

future employment opportunities is patently insufficient to satisfy the requirement imposed by Paul that a liberty interest requires more than mere injury to reputation." Clark, 890 F.2d at 620. Here, inasmuch as Kelly has not suffered a deprivation beyond the injury to his reputation, he has not pleaded a valid claim based on a violation of his liberty interests.

In reaching our result, we point out that in Siegert v. Gilley, 500 U.S. 226, 233-34, 111 S.Ct. 1789, 1794 (1991), the Supreme Court relied on Paul v. Davis to hold that there is no constitutional liberty interest in one's reputation and that a claim that is essentially a state law defamation claim cannot constitute a claim for violation of one's federal constitutional rights. Thus, we must be careful not to equate a state defamation claim with a cause of action under section 1983 predicated on the Fourteenth Amendment. See also Sturm v. Clark, 835 F.2d 1009, 1012 (1987) ("Absent the alteration or extinguishment of a more tangible interest, injury to reputation is actionable only under state defamation law."); Robb v. City of Philadelphia, 733 F.2d 286, 294 (3d Cir. 1984) ("Stigma to reputation alone, absent some accompanying deprivation of present or future employment, is not a liberty interest protected by the fourteenth amendment."). Indeed, even financial injury due solely to government defamation does not constitute a claim for deprivation of a constitutional liberty interest. Sturm, 835 F.2d at 1013. We emphasize that the crucial question is whether the plaintiff "has alleged the alteration or extinguishment of some additional interest." Id. (citation omitted). Kelly

11

simply has not done so.  Therefore, his liberty interest claim, resting solely on the alleged injury to his reputation, is not sufficient to state a claim upon which relief may be granted for violation of his Fourteenth Amendment rights.

## 4. Conclusion

Kelly has failed to allege that appellees deprived him of a right cognizable under the Constitution, and he thus has failed to state a claim upon which relief can be granted. Accordingly, the district court properly dismissed the complaint. Therefore, we will affirm the district court's order of May 10, 1996.

**KELLY v. BOROUGH OF SAYREVILLE**, 96–5342

**McKEE**, Concurring


I agree that this case should be affirmed for the reasons set forth by my colleagues and join their opinion. However, I believe the district court's reliance on the entire controversy doctrine, as codified in New Jersey Court Rule 4:30A, is too important to ignore, and I would therefore also specifically hold that the district court erred in holding that Kelly's suit is barred by that doctrine.

The district court dismissed the instant suit because Kelly and the Police Benevolent Association ("PBA") had previously initiated a proceeding before the Public Employment Relations Commission ("PERC"). In that proceeding they alleged that the Borough's conduct constituted an unfair labor practice, and that the defendant's proposed disciplinary proceedings violated the New Jersey Employer-Employee Relations Act, N.J. Stat. Ann. § 34:13A-1 et seq. (the "Act"), and Kelly's First Amendment right to free speech[1]. PERC subsequently concluded that the Borough had violated the Act. It recommended that the then – pending disciplinary proceeding against Kelly be withdrawn, that the defendants cease and desist from interfering with or discriminating against the PBA or Kelly, and that any related

---

[1] During the hearings before PERC, the unfair labor practice charge was amended to delete Kelly as one of the named charging parties.

disciplinary matters be expunged from Kelly's record.    The instant suit under 42 U.S.C. § 1983 was filed before PERC issued its ruling, and the administrative claim was therefore still pending when this suit was filed.  The district court held that the entire controversy doctrine barred Kelly from bringing the action under 42 U.S.C. § 1983 because of the prior administrative action.

The New Jersey entire controversy doctrine is a particularly strict application of the rule against splitting a cause of action.  Like all versions of that rule its purpose is to increase judicial efficiency. Thus it precludes not only claims which were actually brought in previous litigation, but also claims that could have been litigated in the previous litigation.

Bennun v. Rutgers State Univ., 941 F.2d 154, 163 (3d Cir. 1991). The district court reasoned that Kelly had elected the administrative forum, that the proceedings before PERC were judicial in nature, and that Kelly had a fair opportunity to litigate his claims before PERC. Kelly, 927 F. Supp. at 803.  The district court concluded that "to allow Kelly to deliberately bypass New Jersey's entire controversy rule would undermine the policy considerations at the center of the doctrine."  Id. at 804.

However, PERC has a well-established practice of refusing to hear constitutional claims except insofar as they relate to statutory claims properly before it under the Act. See Hunterdon Cent. High Sch. Bd. of Educ.v. Hunterdon Cent. High Sch. Teachers Ass'n, 416 A.2d 980 (N.J. Super. Ct. App. Div.) (holding that PERC did not exceed its authority in resolving, on a constitutional ground, a matter involving mandatorily negotiable terms in a teachers contract), aff'd. 429 A.2d 354 (1981); see also In re Bd. of Educ., 494 A.2d 279 (N.J. 1985), and Brief of Amicus Curiae at 6 (PERC's jurisdiction is limited to resolving statutory claims under the Act, and that "jurisdiction does not extend to resolving federal constitutional claims unless necessary to resolve such statutory claims.").[2]

The district court erred in applying the entire controversy doctrine. Our analysis of that doctrine under the facts before us is squarely controlled by Jones v. Holvey, 29 F.3d 828 (3d Cir. 1994), cert. denied, 116 S. Ct. 1329 (1996). In Holvey, administrative charges were brought against a state inmate for possession of a weapon in prison. A hearing officer found Jones guilty of that offense. Jones unsuccessfully challenged that decision administratively and then appealed to the Appellate Division of the Superior Court of New Jersey. That

---

[2] The Public Employment Relations Commission filed an amicus curiae brief before this court to clarify the issue of its jurisdiction. It took no position as to the merits of the dispute. See Brief of Amicus Curiae at 1.

court reversed the decision of the hearing officer and vacated all sanctions that had been imposed on Jones.

Jones then filed an action in federal court under 42 U.S.C. § 1983 in which he alleged that his right to due process had been violated in the administrative proceeding. There, as here, the district court granted the defendants' motion for summary judgment. The court held that Jones's federal action under section 1983 was barred by the New Jersey entire controversy doctrine and the doctrine of res judicata. "The court determined that Jones could have raised the section 1983 claim . . . in the New Jersey State Court proceeding . . . ." Id. at 829. Jones appealed to this court, and we reversed. We held:

[U]nder the entire controversy doctrine, a party will not be barred from raising claims that he could not have brought in the initial action. As the New Jersey Supreme Court has stated, if the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should not be held precluded.

Id. at 831 (internal quotations and citations omitted).[3]  Here,
the hearing examiner refused to hear Kelly's First Amendment
constitutional claim because that claim was not integral to the
resolution of the labor dispute which was properly before the
administrative body.  The district court held "because Kelly had
a fair opportunity to have litigated his claims before PERC, the
Court finds that the entire controversy doctrine applies to the
case at hand."  Kelly, 927 F. Supp. at 803.  That was error.  See
Watkins v. Resorts Int'l Hotel & Casino, Inc., 591 A.2d 592, 599
(N.J. 1991).  There, the New Jersey Supreme Court stated:

> If, on the other hand, a claim could not have been
> presented in the first action, then
> it will not be precluded in a later
> action. . . .   If the plaintiffs
> could not have asserted both state
> and federal claims in a single
> forum, it would be unfair to force
> them to sacrifice the claims that
> could not be so asserted in order
> to bring a single action in one
> forum.

Id. at 599.

It is even more clear here that the entire controversy
doctrine should not preclude the federal action. In Holvey, we
surmised that the Appellate Division would not have exercised
jurisdiction of the federal claim based upon the "sparsity of the
complaint."  Id. at 832.  Here, the hearing examiner actually

---

[3] None of the parties cited Holvey in their briefs or
argument before this court, and I can only assume that the
district court was therefore also without the benefit of citation
to this authority.

5

refused to hear Kelly's First Amendment constitutional claim because that claim was not integral to the resolution of the labor dispute which was properly before the administrative body. We need not guess. The federal claims Kelly asserts here were not adjudicated in the PERC proceeding. Therefore, Kelly's action in federal district court should not have become ensnared in the tentacles of the entire controversy doctrine. <u>Holvey</u>, 29 F.3d at 831. I believe that we should avail ourselves of this opportunity to define the parameters of this troublesome doctrine and clarify its operation. Thus, although I join in the opinion of my colleagues, I write separately to express regret that we have missed an opportunity to start putting this jurisprudential genie back into its analytical bottle.