John MANION

v.

Anthony SARCIONE, et al.

No. CIV.A. 01–2765.

United States District Court,
E.D. Pennsylvania.

Oct. 3, 2001.

Neil E. Jokelson, David E. Jokelson, Neil E. Jokelson and Associates, Philadelphia, PA, for John Manion, Plaintiff.

Joseph Goldberg, Philadelphia, PA, Wendi D. Barish, Margolis Edelstein, Philadelphia, PA, for Anthony Sarcione, District Attorney of Chester County, Acting in His Official Capacity, Joseph Daniels, Chester County Detective, Acting in His Official Capacity, Defendants.

### MEMORANDUM

BARTLE, District Judge.

Plaintiff has brought this civil rights action under 42 U.S.C. § 1983 against Anthony Sarcione, the District Attorney of Chester County, and Joseph Daniels ("Daniels"), a Chester County detective. Included in the complaint are various supplemental state law claims.[1] Before the court is the motion of defendants to dismiss for failure to state a claim upon which relief can be granted. Defendants also assert absolute and qualified immunity.

We accept as true the well-pleaded factual allegations in the complaint and draw in plaintiff's favor any reasonable inferences therefrom. *Hishon v. King &*

*Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1391 (3d Cir.1994). Of course, we need not accept bald assertions or legal conclusions. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997).

Plaintiff, a 10th grade teacher at Bishop Shanahan Roman Catholic High School in Downingtown, Pennsylvania, claims that a female student falsely accused him of "assaultive behavior and sexual misconduct and harassment." The student filed a complaint with the Chester County Detectives, who are part of the District Attorney's Office. Defendant Daniels thereafter conducted an investigation which, while in progress, became known to the school Principal, faculty, and student body. On June 8, 2000, Daniels sent the following letter to the Principal of the school on the official letterhead of the District Attorney's Office:

Dear Sister:

My investigation of the complaint filed by 10th Grade student [Jane Doe] has been concluded with the determination that the conduct of Bishop Shanahan teacher John Manion was improper, and that [Jane Doe's] description of the event was credible. I have also concluded that Manion's conduct, while inappropriate, did not meet the requirements for a criminal charge of Simple Assault or related sexual offenses.

I appreciate your cooperation and assistance with the investigation.

Very truly yours,

Joseph Daniels

Chester County Detective

Plaintiff contends that as a result of this letter he was defamed and his privacy was

---

1. The state law claims are characterized as libel, defamation and/or slander, invasion of privacy, and intentional interference with present and/or prospective business and/or professional relations.

invaded, both without his being afforded procedural and substantive due process under the Fourteenth Amendment.

Section 1983 reads in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute itself does not create any substantive rights. It simply provides a remedy for vindicating rights established under the Constitution or laws of the United States. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir.1995).

■ The Fourteenth Amendment protects persons against deprivation of life, liberty and property without due process of law. The Supreme Court has held that damage to reputation, unaccompanied by some tangible loss such as termination of employment, does not constitute a loss of liberty or property which is constitutionally protected. *Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Defamation by a person acting under color of state law without some alteration in the protected status of the individual defamed is not "sufficient to invoke the procedural guarantees contained in the Due Process Clause of the Fourteenth Amendment." *Id.* at 711, 96 S.Ct. 1155. In other words, there must be damage to "reputation plus." *See Ersek v. Township of Spring-*

*field,* 102 F.3d 79, 83 n. 5 (3d Cir.1996); *Clark v. Township of Falls,* 890 F.2d 611, 619 (3d Cir.1989).

The *Paul* case arose out of the publication by local police of a flyer picturing and identifying active shoplifters in the Louisville, Kentucky area. Although the plaintiff had been charged with shoplifting, the charges were dismissed shortly after the flyer was circulated. When the flyer was called to the attention of plaintiff's supervisor at his place of employment, plaintiff was not fired but was told he "had best not find himself in a similar situation." *Id.* at 696, 96 S.Ct. 1155. Plaintiff contended that his designation as an active shoplifter "would inhibit him from entering business establishments for fear of being suspected of shoplifting and possibly apprehended, and would seriously impair his future employment opportunities." *Id.* at 697, 96 S.Ct. 1155. He sued under § 1983 on the ground that he was defamed and that his right to procedural due process was violated because he was not afforded a hearing before the publication of the damaging information. The Supreme Court upheld the dismissal of the complaint. Conceding that he may have a viable claim under state tort law, the Court concluded that the defamation of an individual, "standing alone and apart from any other governmental action with respect to him," does not implicate a federally protected liberty or property interest. *Id.* at 695, 96 S.Ct. 1155.

■ Property interests are not created by the federal Constitution but emanate from "an independent source such as state law." *Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *see Kelly v. Borough of Sayreville,* 107 F.3d 1073, 1077 (3d Cir. 1997). Plaintiff contends that in Pennsylvania, unlike Kentucky, reputation is spe-

cifically protected by the state constitution, in plaintiff's view giving the reputation of Pennsylvanians a protected status under the Fourteenth Amendment. The Commonwealth's Constitution reads:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. art. I, § 1.

■ Pursuant to this provision, the Pennsylvania Supreme Court has declared that reputation is in "the same class with life, liberty, and property." *Meas v. Johnson*, 185 Pa. 12, 39 A. 562, 563 (1898). While recognizing the importance of reputation, the court clearly understood that it is a right distinct from the rights of life, liberty, and property which are all separately enumerated in the Pennsylvania Constitution. The Fourteenth Amendment, of course, only protects against deprivation of life, liberty, and property. It makes no mention of reputation. Thus, even with the elevated protection that reputation seems to be afforded in the Commonwealth, this favored status in and of itself does not secure reputation alone under the Fourteenth Amendment. *See Clark*, 890 F.2d at 619; *Garner v. Township of Wrightstown*, 819 F.Supp. 435, 441 (E.D.Pa.1993); *Lee v. Mihalich*, 630 F.Supp. 152, 155 (E.D.Pa.1986).

We note that the Pennsylvania Constitution also declares in the same Article I, Section 1 that all people have the right "of pursuing their own happiness." If plaintiff were correct that there is a federal constitutional guarantee for reputation simply because it is embedded in the Pennsylvania Constitution, then it would seem that the violation of the right to pursue happiness would also give rise to a claim under § 1983. We strongly doubt that the Supreme Court would so hold.

■ We must emphasize that the Fourteenth Amendment is not "a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul*, 424 U.S. at 701, 96 S.Ct. 1155. The plaintiff's complaint here does not allege more than state law causes of action. The well pleaded facts do not articulate a loss of "reputation plus." *See Clark*, 890 F.2d at 619; *Garner*, 819 F.Supp. at 440. Significantly, plaintiff does not say that he was fired from his job as a teacher at Bishop Shanahan High School as a result of Daniels' letter to the Principal. Nor does he articulate any facts in the complaint that he suffered specific adverse employment action. In conclusory fashion plaintiff merely alleges he "has sustained and will continue to sustain a loss of income, loss of earning capacity ...." In considering a motion to dismiss, we are not bound by conclusory statements in a pleading. *Morse*, 132 F.3d at 906. Moreover, our Court of Appeals has stated that "financial injury due solely to government defamation does not constitute a claim for deprivation of a constitutional liberty interest." *Kelly*, 107 F.3d at 1078.

At a point in the complaint, plaintiff avers that defendants by the June 8, 2000 letter, "*intended* ... to interfere and/or disrupt the plaintiff's employment and/or career with Bishop Shanahan High School and/or the Catholic school system as well as with the plaintiff's ability to obtain employment in any school or other business environment." (emphasis added). Intent to cause harm and causing harm are two different things. The "possible loss of future employment opportunities is patently insufficient to satisfy the requirement imposed by *Paul* that a liberty interest re-

quires more than mere injury to reputation." *Clark*, 890 F.2d at 620.

In sum, no facts are set forth in the complaint that plaintiff's status as recognized under state law has been changed. *See Paul*, 424 U.S. at 712, 96 S.Ct. 1155; *Clark*, 890 F.2d at 619. While imputing criminal behavior to a person may state a claim for libel under Pennsylvania law, plaintiff has not set forth a viable procedural due process claim under § 1983 arising out of any defamatory statements emanating from defendants.[2]

■ Insofar as plaintiff's § 1983 claim is grounded on an invasion of his privacy, it is without merit. The Supreme Court has recognized the constitutional underpinning to privacy with respect to certain kinds of important decisions, *Whalen v. Roe*, 429 U.S. 589, 599–600, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), as well as matters relating to marriage, procreation, contraception, family relationships, and child rearing and education. *Paul*, 424 U.S. at 713, 96 S.Ct. 1155. Plaintiff, however, has pointed to no decision that would recognize a constitutional privacy interest under the facts of this case. The June 8, 2000 letter from Daniels simply reports to the school Principal his findings and conclusions about the investigation he had conducted of the student's criminal complaint against plaintiff, a school teacher. However unfortunate disclosure may be to any of the persons involved, a criminal investigation and its results are matters in which the public and particularly the school Principal here had a genuine interest, and the subject of such an investigation cannot properly claim a protected federal privacy interest with respect to it. *Garner*, 819 F.Supp. at 443.

Thus, plaintiff has failed to state a § 1983 claim based on invasion of privacy.

Plaintiff claims that the District Attorney has violated his constitutional rights by failing to train Detective Daniels. Since plaintiff has not alleged facts sufficient to establish that Daniels violated his constitutional right to procedural due process, there is no viable claim against the District Attorney on this ground. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam); *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir.1989).

We will dismiss plaintiff's claims under § 1983 for failure to state a claim upon which relief can be granted. Consequently, we need not decide whether defendants are shielded by absolute or qualified immunity. Because no federal claims remain, we will exercise our discretion not to pass upon plaintiff's supplemental state law claims. *See* 28 U.S.C. § 1967(3).

### ORDER

AND NOW, this 3nd day of October, 2001, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendants Anthony Sarcione and Joseph Daniels to dismiss plaintiff's complaint is GRANTED.

---

**2.** Since plaintiff has not established that he has "a protected property interest to which the Fourteenth Amendment's due process protection applies," he cannot prevail on his substantive due process claim. *Woodwind Estates, Ltd. v. Gretkowski*, 205 F.3d 118, 123 (3d Cir.2000).