OPINION
GARTH, Circuit Judge:
Charlene and Richard Good (“the Goods”), husband and wife, own rental properties located at 250-260 Race Street in Sunbury, Pennsylvania (“the Properties”). Charlene Good managed the Properties while Richard Good worked as a car dealer.
On August 9, 2004, the Sunbury City Council passed a resolution establishing a procedure whereby Sunbury could designate property as “nuisance property” if that property was subject to three “founded” police or municipal code violations within a twelve-month period. On July 25, 2005, and August 6, 2005, the Sunbury Code Office sent letters to the Goods advising them of several complaints and violations regarding the Properties. On August 8, 2005, the Sunbury City Council voted to designate the Properties as a “nuisance” because tenants of the Properties allegedly had failed to remove or properly contain their garbage on more than three occasions, in violation of the International Property Maintenance Code.[2]
The nuisance designation was subsequently published in the local newspaper and announced on local television stations. The Goods objected to this label, claiming that the procedure for nuisance designation did not meet due process standards, that there was no procedure to challenge a nuisance designation, and that the terms “founded” and “nuisance,” as they applied relative to the August 9, 2004 resolution, were not adequately defined. On September 13, 2005, the City Council removed the Properties from the “nuisance” list.
Allegedly as a result of her Properties being deemed a nuisance for slightly over a month, Charlene Good claims to have suffered severe psychological and emotional harm. She provided an expert report from her psychologist supporting this contention, and Sunbury’s own expert concurred that Mrs. Good suffered from Post Traumatic Stress Disorder as a result of Sunbury’s conduct.
The Goods filed suit in District Court on November 22, 2006, alleging violations of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendment Due Process Clauses, as well as supplemental state law claims for defamation, intentional infliction of emotional distress, and invasion of privacy. Sunbury moved for summary judgment on December 4, 2007. On February 5, 2008, the District Court granted summary judgment for Sunbury on the Fifth Amendment claim because “the Fifth Amendment is not applicable to state action.” Memorandum and Order, Good v. City of Sun- *690 bury, NO. 06-CV-2268, 2008 WL 339483 (EJD.Pa. Feb. 5, 2008) (“D.C.Op.”) at 8.
The District Court also granted summary judgment on the Fourteenth Amendment claim because the Goods suffered no loss aside from stigmatization and because “psychological injury is not a loss or deprivation that is independent of the stigmatization of the property owner as a result of the negative labeling of the property.” Id. at 12. The court declined to exercise supplemental jurisdiction over the state law claims and thus dismissed the case. Id. at 13.
The Goods timely appealed with regard to their Fourteenth Amendment claim.
I.
“Our review of the District Court’s grant or denial of summary judgment is plenary, and we apply the same standard that the District Court applied in determining whether summary judgment was appropriate.” Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ., 574 F.3d 214, 218 (3d Cir.2009) (quoting Norfolk S. Ry. v. Basell USA Inc., 512 F.3d 86, 91 (3d Cir.2008)). Summary judgment is warranted if, drawing all inferences in favor of the non-moving party, “the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.CivP. 56(c). Since there are no disputed facts in this case, we must decide, as a matter of law, whether the psychological harm alleged to have been suffered by Charlene Good as a result of the government’s actions is sufficient to sustain a constitutional due process claim based on harm to reputation.
II.
“To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment’s protection of ‘life, liberty, or property,’ and (2) the procedures available to him did not provide ‘due process of law.’” Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir.2006) (citing Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir.2000)). Since we find that the Goods fail to allege a sufficient deprivation, we affirm the District Court’s denial of the claim on that basis, and therefore need not engage in an analysis of whether the procedures available to them provided sufficient due process of law.
The Goods argue that the psychological harm suffered by Charlene Good is a sufficient deprivation to sustain a constitutional due process claim for harm to reputation. The Goods reason that mental health implicates one’s right to life and liberty because psychological injury can lead to death and disease and the foreclosure of future opportunities. Thus, they argue, psychological harm is distinct from harm to reputation.
The law is well settled that defamation, “standing alone and apart from any other governmental action,” is insufficient to state a claim for relief under 42 U.S.C. § 1983 and the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 694, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Rather,
it is clear that reputation alone is not an interest protected by the Due Process Clause. Rather, to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest. This has been referred to as the “stigma-plus” test.
Dee v. Borough of Dunmore, 549 F.3d 225, 233-34 (3d Cir.2008) (quoting Clark v. *691 Twp. of Falls, 890 F.2d 611, 619 (3d Cir.1989), and Hill, 455 F.3d at 236) (internal quotation marks and citations omitted). However, while it is established that an allegation of harm to some additional interest (i.e., the “plus” factor) is needed to sustain a due process claim based on defamation, exactly what qualifies as a sufficiently “tangible interest! ],” Paul, 424 U.S. at 701, 96 S.Ct. 1155, is less clear, and has been the source of “some confusion.” Baraka v. McGreevey, 481 F.3d 187, 208 (3d Cir.2007).
Fortunately, we need not attempt the difficult task of clarifying precisely what type of interests are sufficiently “tangible” to satisfy the “plus” element of the “stigma-plus” test, because our analysis of the Goods’ due process claim requires only a determination of whether or not the emotional distress alleged by Mrs. Good is sufficiently tangible to satisfy the “plus” element.
Our holding in Baraka is highly instructive in this regard. In Baraka, we addressed the claims of a former poet laureate of New Jersey, Amiri Baraka, whose controversial remarks about the September 11 terrorist attacks prompted the state’s governor to suggest that Baraka was anti-Semitic. Baraka, 481 F.3d at 194. The governor and legislature subsequently abolished the position of poet laureate, and Baraka sued, alleging, inter alia, that he was deprived of a constitutionally protected interest in his reputation. Id. at 194-95.
In addressing Baraka’s claim, we noted that “[r]eputational harm can constitute a protected interest [only] when coupled with an additional deprivation of a protected right or interest.” Id. at 208. We held that Baraka had failed to plead an additional deprivation of a protected interest or shown a foreclosure of future opportunities to couple with his reputational harm, and therefore affirmed the District Court’s dismissal for failure to state a claim for deprivation of a constitutionally protected interest in his reputation. Id. at 209.
Of particular interest to the case sub judice is the fact that although “Baraka allege[d] defendants caused ‘irreparable damages to his reputation, embarrassment, humiliation and emotional distress,’ ” id. at 209 n. 17 (emphasis added), we nonetheless found that he failed to plead the “plus” factor necessary to the “stigma-plus” test. Accordingly, in Baraka we at least strongly suggested that the emotional distress suffered attendant to reputational harm does not constitute a valid “plus” factor for purposes of the “stigma plus” requirement. This conclusion is buttressed by our earlier holding in Kelly v. Borough of Sayreville, N.J., 107 F.3d 1073 (3d Cir.1997), where we held that the plaintiff, who alleged harm in the form of, inter alia, “emotional ... injury,” id. at 1076, “has not suffered a deprivation beyond the injury to his reputation [and therefore] has not pleaded a valid claim based on a violation of his liberty interests.” Id. at 1078.
An analysis of the interests that have we found to be sufficiently tangible “plus” factors, particularly when contrasted with those that we have deemed insufficiently tangible, leads to the same conclusion regarding the interest at issue here as do our holdings in Baraka and Kelly.
We have found a sufficiently tangible “plus” when the claimed harm was an injury to a right “created and defined by state statutory law and the [relevant collective bargaining agreement],” Dee, 549 F.3d at 234; a deprivation of the “liberty to pursue a calling or occupation,” Thomas v. Independence Twp., 463 F.3d 285, 297 (3d Cir.2006); “an injury to [plaintiffs] reputation while in the exercise of [her] constitutional right” to free speech, Merkle v. Upper *692 Dublin Sch. Dist., 211 F.3d 782, 797 (3d Cir.2000); and a “constructive discharge” and consequent damage to plaintiffs “ability to earn a living.” Hill, 455 F.3d at 232-33.
In contrast, we have found the plaintiffs would-be “plus” too ethereal — and therefore insufficient to support a reputation-based due process claim — when the claimed harm was the “possible loss of future employment opportunities,” Clark, 890 F.2d at 620; the “temporary removal from [customary] duties,” Edwards v. Cal. Univ. of Pa., 156 F.3d 488, 492 (3d Cir.1998); the “den[ial of] a promotion and transfer[ ] ... from the position of manager ... to a [lower] supervisory position,” Robb v. City of Philadelphia, 733 F.2d 286, 293 (3d Cir.1984); and even outright “financial harm,” Sturm v. Clark, 835 F.2d 1009, 1013 (3d Cir.1987).
Finally, we note that, in addition to the collective weight of our precedent cited above, there is a sound policy argument militating against a finding that the Goods’ claim is legally cognizable. If we were to hold that the emotional trauma resulting from government defamation was, without more, sufficient to constitute the “plus” factor necessary in a Fourteenth Amendment due process liberty claim, virtually every defamation plaintiff would have a constitutional claim ready-made to survive at least to summary judgment, because defamatory remarks or acts, by their very nature, often cause severe distress to their target. Cf. Merkle, 211 F.3d at 797 (“This court has warned against equating a state defamation claim with a cause of action under section 1983 predicated on the Fourteenth Amendment.”) (quoting Kelly, 107 F.3d at 1078) (quotation marks and alterations omitted). The end result would be the effective elimination of the “plus” requirement of the “stigma-plus” test.
III.
Based on the foregoing, we conclude that Mrs. Good’s alleged psychological injury is not sufficient to satisfy the “plus” element of the “stigma-plus” test, and consequently that the Goods fail to claim sufficient deprivation to support their Fourteenth Amendment due process claim. We therefore hold that the Goods’ due process claim fails as a matter of law.[3] The District Court’s grant of summary judgment in favor of the City of Sunbury, and against the Goods, will be affirmed.

. Tenants allegedly left bags of trash and loose garbage lying in and around the back yards of the rental units.

. In so holding, we do not mean to imply that we in any way discount, dismiss or belittle the seriousness of the psychological trauma allegedly suffered by Mrs. Good. Throughout our opinion, we speak of the tangible (or intangible) nature of interests only as that term was used by the Supreme Court in Paul. As such, our conclusion that Mrs. Good's alleged psychological injury is not ‘tangible’ should be taken only to mean that, as a matter of law, it lacks the requisite sufficiency to stand as the “plus” factor in the “stigma-plus” test.