NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3072
_____

ROBERT G. OTTO; MICHAEL SPICER;
BRIAN REYNOLDS; PERRY BETTS;
JOHN SPEISER; THOMAS LICIARDELLO;
LINWOOD NORMAN

v.

R. SETH WILLIAMS;
CITY OF PHILADELPHIA;
OFFICE OF DISTRICT ATTORNEY PHILADELPHIA COUNTY;
MICHAEL A. NUTTER;
POLICE COMMISSIONER CHARLES RAMSEY

Michael Spicer, Brian Reynolds, Perry Betts, John Speiser,
Thomas Liciardello and Linwood Norman,

Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-15-cv-03217)
Honorable Paul S. Diamond, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 16, 2017

BEFORE: JORDAN, KRAUSE, and GREENBERG, Circuit Judges

(Filed: July 27, 2017)

_____

OPINION*
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

## I. INTRODUCTION

This appeal presents a central question: whether damages are available for stigma in a 42 U.S.C. § 1983 "stigma plus interest" claim when the plaintiffs, police officers with the Philadelphia Police Department, were acquitted of corruption charges at a criminal trial and successfully sought reinstatement to their positions with back pay. Because the officers' criminal trial was a sufficient name-clearing hearing that provided them with a complete remedy for their reputational harm, we will affirm the District Court's dismissal of those claims by an order dated June 6, 2016.

## II. STATEMENT OF JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction based on 28 U.S.C. § 1291.

We exercise plenary review of a district court's grant of a motion to dismiss. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 206 (3d Cir. 2009). "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." <u>Pension Ben. Guar.</u>

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

<u>Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). We must accept all well-pleaded facts as true and disregard legal conclusions in determining whether the plaintiff has a plausible claim for relief. <u>Fowler</u>, 578 F.3d at 210-11.

### III.        BACKGROUND

We recite the facts as alleged in the Second Amended Complaint, the operative complaint, that are relevant to this appeal. This case arises out of certain police officers' terminations following their indictment by a federal grand jury on corruption charges on which they were subsequently acquitted at a jury trial. Appellants' br. at 4. At this stage in the proceedings, the defendants left in this case are the City of Philadelphia, former City of Philadelphia Mayor Michael Nutter, and former City of Philadelphia Police Commissioner Charles Ramsey (the "city defendants").[1] The six current plaintiffs, all Philadelphia police officers formerly in the Philadelphia Police Department's Narcotics Field Unit, appeal the dismissal of their lone remaining stigma-plus claim.[2] <u>Id.</u>

A federal grand jury on July 29, 2014 indicted the plaintiffs on corruption charges.[3] App'x at 93. The Philadelphia Police Department consequently terminated

---

[1] Otto and Williams—original parties named in the caption—are no longer parties.

[2] They are Michael Spicer, Brian Reynolds, Perry Betts, John Speiser, Thomas Liciardello, and Linwood Norman. Appellants' br. at 3.

[3] Although it is only tangentially related to the appeal, the Philadelphia District Attorney sent a letter to Police Commissioner Ramsey on December 3, 2012, stating that the District Attorney's Office would no longer use any of those officers but one—Norman,

3

their employment.  Id.  On July 31, 2014, while the Police Department underwent that termination process, Mayor Nutter and Commissioner Ramsey held a joint, televised press conference in which Mayor Nutter called the officers "sick scumbags."  Id. at 94. In that same conference, Commissioner Ramsey stated that "this is one of the worst corruption cases that [he had] ever heard," and claimed that the officers' police badges would be destroyed.  Id.  Those statements made at the press conference are the only ones on which the officers base their lone remaining stigma-plus claim.  Appellants' br. at 14.

The officers were acquitted of all 47 charges on May 14, 2015.  App'x at 97.  The officers consequently filed individual grievances pursuant to the City of Philadelphia's collective bargaining agreement with the City challenging their terminations.  Id. at 108. The arbitration hearing for those grievances led to an order on July 10, 2015, that the officers be reinstated and provided back pay.  Id. at 95, 97, 108.  Their personnel records were also expunged of all references to the discharges, and the City was prohibited from relying on or referencing the discharges for any employment-related purpose.  Id. at 108. After the acquittals and the arbitration, on July 27, 2015, the Philadelphia Daily News published an article about the acquittals, quoting Commissioner Ramsey's earlier, pre-

---

who nonetheless was indicted later—as witnesses in narcotics cases, would refuse to bring charges in cases in which one of the officers would be a necessary witness, and no longer would approve any warrants in narcotics cases when one of the officers was the affiant in the affidavit on the basis of which warrants were being sought, or the probable cause portion of the warrant included any averments from him.  App'x at 83.  All of those officers were removed from the Narcotics Field Unit, and the District Attorney's Office withdrew and dismissed hundreds of drug cases that involved those officers.  Id. at 91-92.

acquittal statements that the case was one of the worst cases of corruption he had seen and that the officer's badges would be melted.[4] Id. at 97-98.

The officers filed their initial suits in state court in June 2015, but they subsequently were removed to federal court and consolidated into the present case. Id. at 45. In response to the suits, the Philadelphia Inquirer ran an editorial entitled "Laws Apply to the Police Too" seemingly objecting to the current suit and recounting that "witnesses accused the officers of acting like street thugs, roughing up suspects, ignoring due process, planting evidence, pocketing seized money, and lying in police reports. The squad's superiors allegedly asked few questions because the unit was so productive." Id. at 100-01. It repeated both the comments by Mayor Nutter that the officers were "sick scumbags" and those by Commissioner Ramsey that it was one of the worst cases of corruption he had heard. Id. at 101.

The only claim left on appeal is a stigma-plus due process claim under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. Appellants' br. at 13. The District Court dismissed that claim because it held that the officers received due process in what amounted to name-clearing hearings at both the criminal trial and the arbitration. App'x at 15-16. The officers appealed.

---

[4] We do not detail the other statements against the officers made by third parties, such as the Philadelphia Inquirer, or any of the city defendants' statements that the officers do not challenge.

5

## IV.         DISCUSSION

"[T]o make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest." Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (citing Paul v. Davis, 424 U.S. 693, 701, 96 S.Ct. 1155, 1161 (1976)). "[R]eputation alone is not an interest protected by the Due Process Clause." Versarge v. Twp. of Clinton, N.J., 984 F.2d 1359, 1371 (3d Cir. 1993) (emphasis added). This type of claim is commonly referred to as a "stigma-plus" claim. See, e.g., Hill, 455 F.3d at 236.

We have recognized that a public employee establishes a valid "stigma-plus" claim when a public employer "creates and disseminates a false and defamatory impression about the employee in connection with his termination." Id. (quoting Codd v. Velger, 429 U.S. 624, 628 (1977)). The "stigma" is the "defamatory impression" and the "plus" is the loss of the protected property interest of the employment. Id. The "principal relief" for the "stigma" is a name-clearing hearing. Ersek v. Twp. of Springfield, 102 F.3d 79, 84 (3d Cir. 1996).

The officers' appeal centers on a claim for that relief: they (1) contend that the criminal trial and arbitration were insufficient name-clearing hearings, appellants' br. at 25-26, 37, and (2) argue that these hearings are the principal but not sole relief available to them, id. at 16. We now turn to each of these contentions.

6

1. The Sufficiency of the Name-Clearing Hearings

The officers maintain that the two name-clearing hearings—the criminal trial and arbitration—were insufficient to guarantee that they received due process.  With respect to the criminal trial, they make both substantive and temporal arguments about its inadequacy: substantively, the criminal trial itself was an incomplete remedy because the public understands that a "not guilty" verdict does not necessarily mean that the court found that the defendant in the criminal action was actually innocent, appellants' br. at 31, and temporally, the trial itself could not have cleared all the stigma because the stigmatizing press conference statements were republished after the trial.  Id. at 37.  The city defendants respond that the officers cannot base a continuing stigma claim on statements that were not contemporaneous with the deprivation of the property interest.  Appellees' br. at 13.  In addressing the arbitration, the officers contend that it was designed to protect property rather than reputational interests and exclusively involved stipulations, therefore it was not an adequate name-clearing hearing.  Appellants' br. at 25-26, 40.  The city defendants reply that, inasmuch as the officers chose to pursue arbitration rather than a public hearing option, they cannot claim that process was insufficient.  Appellees' br. at 14-15.

Inasmuch as the officers contend that a criminal trial does not "per se" suffice as a name-clearing hearing, appellants' br. at 32, we address the question of whether a criminal trial is a constitutionally adequate name-clearing hearing for "reputational

injury" from alleged criminal conduct.[5]  See Graham v. City of Philadelphia, 402 F.3d 139, 147 (3d Cir. 2005).  The criminal trial "with its stringent procedural safeguards and

---

[5] We have indicated that the criminal trial needs to have satisfied due process requirements, Graham, 402 F.3d at 146; in this case, however, the officers fail to allege any well-pleaded facts that the trial was constitutionally deficient in securing due process. To argue otherwise, they direct the Court to statements in the complaint that "[t]he case presented to the jury by the prosecutors against [them] was literally laughable, and, disgraceful," app'x at 78, and that there was a "shocking and complete lack of credible evidence, and shoddy and reprehensible work by prosecutors and investigators," id. at 61. The complaint states that "[t]he literally laughable case put on by the United States Attorney . . . is highly relevant to the instant matter, but obviously the nature of its astonishing shortcomings cannot be fully or concisely explicated in this Complaint" and provides no factual allegations of that alleged incompetence. Id. at 102.  The complaint directs the Court to an affidavit about the "thread of inaccuracy, incompetence and bias weaved throughout the investigation" and "the Government's laughable while horrifying incompetencies [sic]." Id. at 103.  Nothing in that affidavit properly alleges trial-related activity that if true violates the officers' due process rights. See id. at 121-28.

The officers claim that they could amend their complaint to provide more factual details of any improprieties in the trial.  Appellants' br. at 34.  "Our precedent supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  The District Court dismissed the case with prejudice, noting that "[t]his is not a close case.  All [of the officers'] claims are either implausible, non-cognizable, or both." App'x at 35.  We interpret that statement as meaning that amendment would be futile. See In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (reading the futility determination into a denial of a motion for leave to amend when no reason was given).  We review this determination for abuse of discretion. Id.  The District Court did not abuse its discretion in dismissing this case with prejudice when none of the highlighted allegations rise to a due process violation, as an amendment fleshing out the details of those allegations—in a third amended complaint—would still fail to state a claim upon which relief could be granted. See id.

There is also no merit to the officers' claim that the name-clearing hearing was somehow insufficient to remedy the city defendants' alleged due process violations because it was brought in federal court rather than in state court.  As we held in Graham, the criminal trial "obviat[es]" the need for a name-clearing hearing.  402 F.3d at 145, 147.

8

difficult burden of proof afford[s] plaintiff[s] more process" than that which is constitutionally required to clear one's name.[6] Id. at 146 (internal quotation marks omitted). That trial cleared the officers of the only stigma that they allege—the stigma of the statements made at the press conference regarding their termination. That those statements were republished by a third party is irrelevant: they were made before the trial, and thus the stigma from them was cleared by it.

As we hold that the criminal trial was a constitutionally sufficient name-clearing hearing, we decline to consider whether the arbitration was also sufficient as we have no need to do so. The officers received their due process in restoring their reputations.

2. Whether Plaintiffs Are Entitled to an Additional Remedy

We never have held that damages are available as a remedy for the harm to the reputational interest in a stigma-plus claim. The city defendants contend that a name-clearing hearing is the sole remedy available. Appellees' br. at 13. The officers in their complaint allege damages for "reputations for which they are entitled to have a name[-]clearing hearing; loss of employment prospects; and, emotional distress." App'x at 112. The officers cite dicta contained in a series of footnotes in otherwise-inapposite cases stating that there may be a situation in which a name-clearing hearing may be insufficient to remedy the wrong of a damaged reputation, although none of those cases provide an example of when that would be the case. See Hill, 455 F.3d at 236 n.15 ("We have not in the past decided—and do not have occasion to decide here—whether a plaintiff who

_____

[6] It thus per se more than satisfies the three-prong balancing test that the officers cite from Graham. Graham, 402 F.3d at 145-46.

prevails on a 'stigma-plus' claim may be entitled to remedies other than a name-clearing hearing."); Graham, 402 F.3d at 143 n.3 (quoting Ersek, 102 F.3d at 84 n.6) ("We noted in Ersek that it 'is unclear whether a plaintiff would be entitled to damages in addition to or in lieu of a hearing[,]' but implied that damages might be available because a name-clearing hearing might not always 'cure all the harm caused by stigmatizing government comments.'").

We are mindful that we must not "equate a state defamation claim" with a stigma-plus claim. Kelly v. Borough of Sayreville, N.J., 107 F.3d 1073, 1078 (3d Cir. 1997). As we hold above, the officers' criminal trial afforded them the due process remedy for the harm to their reputation and restored the harm by the "stigma." The arbitration provided the officers with full reinstatement and back pay; their employment records were expunged of any reference to the alleged defamatory statements, and no employment decision could be based on the conduct for which the officers were acquitted, thus the arbitration fully remedied the interest in the "plus" part of the claim. While we still recognize the theoretical possibility that harm to someone's reputation would not be recompensed fully by a name-clearing hearing, that is not the situation here. We decline to determine whether any other damages are available in a stigma-plus claim; suffice it to say that in this case the outcome of the criminal trial provided the officers with an adequate remedy to any reputational harm.

V.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's June 6, 2016 order dismissing with prejudice the officers' stigma-plus due process claims under 42 U.S.C. § 1983.