Charles D. LOWE, Appellant,

v.

KANSAS CITY, MISSOURI BOARD OF
POLICE COMMISSIONERS, et
al., Appellees.

No. 87–1602 WM.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1988.

Decided March 14, 1988.

Steven D. Wolcott, Gladstone, Mo., for appellant.

E. David Swartzbaugh, Kansas City, Mo., for appellees.

Before McMILLIAN and ARNOLD, Circuit Judges, and HARPER,* Senior District Judge.

HARPER, Senior District Judge.

Charles D. Lowe appeals from the district court's dismissal of an action he brought pursuant to 42 U.S.C. § 1983. Lowe filed suit against the Kansas City, Missouri Board of Police Commissioners, its members individually, and members of the Kansas City, Missouri Police Department, alleging he had been denied his procedural due process rights when the Chief of the Kansas City Police placed a formal letter of reprimand in Lowe's personnel file without first giving him an opportunity to present evidence in his own behalf to refute the allegations made in the letter. The district court dismissed Lowe's complaint for failure to state a claim upon which relief could be granted. On appeal, Lowe argues that the district court erred in dismissing his complaint because Missouri law gives police officers a property interest in continued employment which falls under the protection of the Fourteenth Amendment. We affirm the district court's dismissal.

Lowe has been a member of the Kansas City, Missouri Police Department (hereinafter the Department) since February 16, 1968. During April, 1983, the Department implemented a "monthly performance assessment program" for police officers assigned to the Field Service Bureau Division. The program commenced on October 1, 1983. Its purpose was to provide a means of judging the quantity and quality of each officer's performance. Lowe was

---

* The HONORABLE ROY W. HARPER, Senior U.S. District Judge for the Eastern District of Missouri, sitting by designation.

assigned to work as a road patrol officer, and in this capacity he drove a district car. In April, 1984, at Lowe's request, he was removed from the position of road patrol officer and assigned to work as a paddy wagon driver. On November 12, 1985, the position of paddy wagon driver began operating on a rotating basis between several police officers.

During the second and third quarters of 1985, Lowe's job performance was assessed as being unsatisfactory. On January 30, 1986, Chief of Police Larry Joiner issued a formal letter of reprimand regarding Lowe's unsatisfactory performance assessment. The letter of reprimand was placed in Lowe's personnel file. Lowe was not given the opportunity to refute the statements made in the letter of reprimand. He did not suffer any loss in pay or rank, and he is still employed as a police officer by the Department.

■ Lowe premised this § 1983 action on his assertion that the placing of the letter of reprimand in his file deprived him of a constitutionally-protected property interest without the rightful benefit of a hearing. Lowe claims he has been deprived of a property interest in wages and benefits which includes having been transferred from his duties of driving a paddy wagon to driving a patrol vehicle, and the loss of opportunities for transfers and/or promotion. Property interests are created by sources other than the Federal Constitution, including state-created law. *Board of Regents of State College v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

■ Lowe relies on Mo.Rev.Stat. 84.600 to support his argument that police officers have a property interest in continued employment. This statute states that police officers, after serving at least six months probationary service, are appointed to the police force and may be discharged or removed only for cause. It may be true that this statute gives police officers a constitutionally-protected property interest in continued employment. His salary has not been diminished, nor has he suffered any

other deprivation of property that is discernible by this Court.

The Supreme Court has defined a two-part test to be applied when determining whether a party has been deprived of a constitutionally-protected right to due process: (1) Whether the discipline imposed deprived plaintiff of a liberty or property interest protected by the Fourteenth Amendment; and (2) if so, whether the manner in which the discipline was imposed included constitutionally mandated procedural protections. *Roth*, at 569–570, 92 S.Ct. at 2705.

We hold that defendants' actions did not deprive Lowe of a constitutionally-protected property interest. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it * * *." Any loss in stature or wages claimed by Lowe is purely speculative.

Affirmed.