Thomas **BLOODWORTH**, Charles Copenhaver, James L. Evans, Steve Konegni, Wayne Lorch, Neil Mawk, Chris Pollack, Giles Stock, Greg Stock, Robert Wamsley, Stephen A. Wamsley, and Murry Williams, Plaintiffs–Appellants,

v.

**CITY OF PHOENIX**, a political subdivision of the State of Arizona and Dennis A. Garrett, Cecile T. Woodward, Randolph Schmidt, and Rex Williamson, Defendants–Appellees.

No. 00–15921.

D.C. Nos. CIV 96–2787–PHX–TSZ and CIV 97–2627–PHX–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2001.

Decided Jan. 7, 2002.

Before RONEY,* HUG, and THOMAS, Circuit Judges.

## MEMORANDUM **

Plaintiffs, current and former police officers of the City of Phoenix Police Department ("Department"), appeal the district court's order granting summary judgment in favor of Defendants, the city of Phoenix and other current and former members of

---

* Honorable Paul H. Roney, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the Department, on Plaintiffs' due process and equal protection claims. We affirm. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

## I

■ Plaintiffs claim that Defendants deprived them, and conspired to deprive them, of their procedural due process rights when Defendants conducted an internal, Department investigation of purchases, sales, and transfers of assault rifles by police personnel that resulted in disciplinary action. To demonstrate a violation of their procedural due process rights, Plaintiffs must show that Defendants deprived them of a constitutionally protected property or liberty interest. *See Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Llamas v. Butte Cmty. Coll. Dist.,* 238 F.3d 1123, 1128 (9th Cir.2001). The district court properly granted summary judgment on Plaintiffs' due process claim because Plaintiffs fail to make a sufficient showing on the threshold question of a deprivation.

Plaintiff Thomas Bloodworth's decision to retire five months prior to the completion of the Department's investigation, before the issuance of any discipline, did not give rise to an unconstitutional deprivation of a property interest. Bloodworth could only succeed in establishing a constitutionally protected property interest if he demonstrated constructive discharge by showing that the "working conditions were so intolerable and discriminatory as to justify a reasonable employee's decision to resign." *Huskey v. City of San Jose,* 204 F.3d 893, 900 (9th Cir.2000) (quoting *Schnidrig v. Columbia Mach., Inc.,* 80 F.3d 1406, 1411 (9th Cir.1996)). Bloodworth has not presented sufficient evidence to overcome the legal presumption

that his resignation was voluntary. *See Hargray v. City of Hallandale,* 57 F.3d 1560, 1568 (11th Cir.1995) (the presumption that employee resignations are voluntary prevails unless the employee comes forward with sufficient evidence that the resignation was involuntarily extracted); *Angarita v. St. Louis County,* 981 F.2d 1537, 1544 (8th Cir.1992); *Alvarado v. Picur,* 859 F.2d 448, 453 (7th Cir.1988). Bloodworth himself testified that although he was disgusted with the Department investigation, he believed that the decision to retire was his own. By resigning of his own free will, even if prompted to do so by the events set in motion by Defendants, Bloodworth relinquished his property interest in his employment voluntarily and thus cannot establish that Defendants deprived him of it within the meaning of the Due Process Clause. *See Huskey,* 204 F.3d at 902 (without a sufficient showing of involuntary resignation constituting constructive discharge, the city employee could not establish a constitutionally protected property interest); *Martinez v. California,* 444 U.S. 277, 281, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980) (the mere fact that state action sets in motion a chain of events that ultimately leads to the loss of a plaintiff's protected interest does not of itself establish that there has been a deprivation by state action in the constitutional sense).

■ Plaintiff Giles Stock, who resigned after learning from the Department of his recommended termination, similarly cannot demonstrate an unconstitutional deprivation of a property interest in his employment. A resignation resulting from a choice between resignation and dismissal proceedings is not a discharge by coercion if the employee is given the time and opportunity for deliberation before making the choice. *Yearous v. Niobrara County Mem'l Hosp.,* 128 F.3d 1351, 1356–57 (10th

Cir.1997); *Dusanek v. Hannon,* 677 F.2d 538, 543 (7th Cir.1982). Stock's deposition testimony indicates that he requested retirement in lieu of termination proceedings, that the Department gave him three days to consider his decision, and that he resigned after discussing his options with his attorney and union representative. On this evidence, Stock's resignation is voluntary and not the result of coercion that unconstitutionally deprived him of a protected property interest.

There is no evidence to suggest that plaintiff James Evans retired involuntarily in violation of his due process rights. He resigned years after the internal investigation had concluded and long after the Department had issued him a letter, and a revised letter, of reprimand. Furthermore, the letters of reprimand that Evans and the remaining plaintiffs received did not implicate a constitutionally protected interest. The record does not show that these letters effected any loss in stature or wages. *See Lowe v. Kansas City Bd. of Police Com'rs,* 841 F.2d 857, 858 (8th Cir. 1988) (placing in a police officer's personnel file a letter of reprimand, which did not result in any loss of rank or pay, did not deprive the officer of a constitutionally protected interest); *Linhart v. Glatfelter,* 771 F.2d 1004, 1008–09 (7th Cir.1985). Plaintiffs therefore fail to produce any evidence that Defendants unconstitutionally deprived them of a protected property interest.

■ Plaintiffs likewise do not carry their burden of showing a deprivation of a constitutionally protected liberty interest. Plaintiffs allege that Defendants' investigation, discipline, and publication of the Department's investigation report caused injury to their careers, relationships, and reputations. However, these professional, personal, and reputational injuries, by themselves, are not constitutionally pro-

tected interests guaranteed against state deprivation without due process of law. *See Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (an individual's reputation, by itself, is not a liberty or property interest for the purposes of due process); *WMX Technologies, Inc. v. Miller,* 197 F.3d 367, 376 (9th Cir.1999) (en banc) (business reputation and good will are not constitutionally protected interests).

■ Plaintiffs attempt to foreclose summary judgment by pointing to disputed factual issues with respect to the Department's policy and practice on weapons purchasing. However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Because Plaintiffs fail to show a deprivation of a constitutionally protected interest, the factual dispute regarding the Department's policy and practice is immaterial. Moreover, without establishing a violation of their due process rights, Plaintiffs cannot succeed on their claim that Defendants conspired to violate such rights. *See Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir.1989) (a conspiracy allegation, even if established, does not give rise to liability under § 1983 unless there is an actual deprivation of civil rights). Accordingly, the district court properly granted summary judgment in Defendants' favor on Plaintiffs' procedural due process claim.

II

■ Plaintiffs argue that, through the internal investigation and resulting discipline, Defendants conspired to and did selectively and discriminatorily enforce Department policy in a way that

was arbitrary and denied them the equal protection of the law. The conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1188 (9th Cir.1995); *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). To establish impermissible selective enforcement, Plaintiffs must show (1) that Defendants did not take action against others similarly situated to Plaintiffs, and (2) that the selective action against Plaintiffs "was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Hayes*, 434 U.S. at 364, 98 S.Ct. 663; *U.S. v. Lee*, 786 F.2d 951, 957 (9th Cir.1986).

■ Plaintiffs' equal protection claim fails on both prongs. Aside from their unsupported allegation that Defendants for years had known of and tolerated the misconduct that prompted the investigation, Plaintiffs present no evidence that Defendants failed to take disciplinary action against other similarly situated police officers. *Cf. U.S. v. Bourgeois*, 964 F.2d 935, 941 (9th Cir.1992) (the mere allegation that others similarly situated were not prosecuted was insufficient to warrant discovery on a selective prosecution claim). In addition, Plaintiffs do not assert that any impermissible purpose motivated Defendants' investigation and discipline. Thus, the district court correctly granted summary judgment in favor of Defendants on Plaintiffs' claim of violation and conspiracy to violate their equal protection rights. *See Woodrum*, 866 F.2d at 1126.

AFFIRMED.