William E. POWELL, Plaintiff–
Appellant,

v.

Eugene FUJIMOTO, Karen Kirst–
Ashman, Howard Ross, et al.,
Defendants–Appellees.

No. 04–1819.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 17, 2004.

Decided Dec. 29, 2004.

David E. Lasker, Lasker & Edwards, Madison, WI, for Plaintiff–Appellant.

Peggy A. Lautenschlager, Office of the Attorney General, Madison, WI, for Defendant–Appellee.

Before COFFEY, MANION, and ROVNER, Circuit Judges.

## ORDER

William Powell, a tenured professor of social work at the University of Wisconsin–Whitewater, brought this lawsuit under 42 U.S.C. § 1983 against various university faculty members and administrators, alleging that they deprived him of property and liberty without due process by censuring him for sexually harassing a female student. The district court dismissed the complaint for failure to state a claim, and Powell appeals. We affirm.

Powell alleges that five employees of UW–Whitewater—Howard Ross, the dean of the Department of Social Work; Janet Wright, the chairperson of the department; Charles Zastrow and Karen Kirst–Ashman, two faculty members in the department; and Eugene Fujimoto, the assistant to the chancellor for affirmative action—conspired to ruin his career by fabricating sexual harassment charges against him. In November 2001, a student complained to Ross, Wright, Zastrow, and Kirst–Ashman that Powell had made "unwelcome sexual advances and comments" to her in his office. These four defendants, allegedly in an effort to "procur[e] a false complaint of sexual harassment against the plaintiff," attempted to "inflam[e] [the student's] fears and foment[ ] her anxiety" by telling her—falsely, Powell asserts—that a number of students, faculty, and staff had also complained that Powell sexually harassed them in the past, and that he had been disciplined for his misbehavior. This led the student to submit a formal complaint to the department dean, who sent it to Fujimoto, in which she stated that she had "recently learned that [she] was the fourth or fifth female student who ha[d] complained to the University about very similar conduct on the part of Professor Powell." The four members of the department also told Fujimoto directly about Powell's alleged history of sexual harassment.

Powell asserts that Fujimoto knew these allegations were baseless, but nonetheless in May 2002 issued a "Sexual harassment Complaint Finding" against him and forwarded it to the chancellor of the university. This report concluded that Powell had "engaged in behavior involving inappropriate and offensive comments and evidenced a clear lack of judgment on the part of a member of the faculty." Fujimoto recommended that the chancellor discipline Powell by placing a "strong letter of reprimand" in his personnel file; requiring Powell and the social work department to undergo sexual harassment training; mandating that Powell keep his office door open when meeting with students; and warning him that further complaints would result in "more serious measures." The chancellor accepted Fujimoto's findings, formally charged Powell with violating the University Handbook's sexual harassment provisions, and adopted Fujimoto's recommendations for disciplinary action.

In October 2003, Powell filed this suit, alleging that Fujimoto and the other de-

fendants, by accusing him falsely and then punishing him, deprived him of "liberty and property without due process of law" in violation of the Due Process Clause of the Fourteenth Amendment. He also advanced pendent state law claims of conspiracy, intentional infliction of emotional harm, tortious interference with a contractual relationship, and defamation.

Upon the defendants' motion, the district court dismissed the complaint. The court held that Powell did not state a claim for deprivation of liberty without due process because he did not allege becoming unemployable as a result of the defendants' actions, nor did he allege losing his tenured faculty position. The court noted that "a loss of pay could be considered a deprivation of *property,*" but stated that Powell did not allege having any property interest in his job. Because Powell failed to state a due process claim, the court declined to exercise supplemental jurisdiction over his state law claims.

On appeal, Powell reiterates that by censuring him, Fujimoto deprived him of a constitutionally protected property interest in his earnings, his earning capacity, and the attorney's fees he expended in defending himself, as well as a liberty interest in his reputation. In assessing such procedural due process claims, we follow a two-step approach: first, we must determine whether the plaintiff was deprived of a protected interest; second, we must decide what amount of process was due. *Pugel,* 378 F.3d at 662. We review *de novo* the district court's dismissal under Fed. R.Civ.P. 12(b)(6), accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in his favor. *Pugel v. Bd. of Trs. of Univ. of Ill.,* 378 F.3d 659, 662 (7th Cir.2004).

### A. Property Interest

Powell first claims that the defendants' actions leading to the chancellor's formal censure deprived him of a constitutionally protected property interest. Powell locates a property interest in the "substantial expense in attorneys' fees" he expended in defending himself against the sexual harassment charges, as well as his "lost earnings and earning capacity" because of the stigmatizing nature of the charges.

A protectable property interest must rest on a legitimate claim of entitlement created by some independent source such as state law. *Beischel v. Stone Bank Sch. Dist.,* 362 F.3d 430, 435 (7th Cir.2004). We have held that a tenured professor at a state university has a property interest in his job that cannot be taken away without due process. *Levenstein v. Salafsky,* 164 F.3d 345, 351 (7th Cir.1998). We have also noted that a property interest could potentially be infringed by a reassignment that affects future job opportunities, *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 531 (7th Cir.2000), or a demotion that involves a reduction in salary, *Sonnleitner v. York,* 304 F.3d 704, 716 (7th Cir. 2002). But, we have added, internal discipline without further adverse employment consequences does not implicate a protected property interest. *See Fleury v. Clayton,* 847 F.2d 1229, 1233 (7th Cir.1988) (censure of physician implicates property interest only where state law creates entitlement to "clean" medical license and censure could have legal consequences); *Linhart v. Glatfelter,* 771 F.2d 1004, 1008–09 (7th Cir.1985). The majority of circuits addressing the question have similarly found that internal disciplinary action alone does not implicate due process. *See Kelly v. Borough of Sayreville,* 107 F.3d 1073, 1077 (3d Cir.1997); *Silano v. Sag Harbor Union Free Sch. Dist. Bd. of Edu.,* 42 F.3d 719, 724 (2d Cir.1994); *Johnson v. Morris,* 903 F.2d 996, 999 (4th Cir.1990); *Lowe v. Kan. City Bd. of Police Comm'rs,*

841 F.2d 857, 858 (8th Cir.1988). *But see Newman v. Commonwealth of Massachusetts,* 884 F.2d 19, 24–25 n. 5 (1st Cir.1989); *Little v. City of North Miami,* 805 F.2d 962, 969 (11th Cir.1986); *Swilley v. Alexander,* 629 F.2d 1018, 1022 n. 4 (5th Cir. 1980).

■ We agree with the district court's conclusion that Powell failed to state a claim for a deprivation of property in violation of due process, but for a different reason. The district court stated that Powell's situation "could be considered a deprivation of *property,*" but noted that Powell "does not allege that he had a property interest in his job." We disagree with the district court's conclusion that because Powell's complaint failed to allege explicitly a property interest, this aspect of his due process claim warranted no further consideration. Under federal notice pleading, a complaint need not identify legal theories in order to state a claim, and certainly needn't spell out each technical element of a legal theory it does identify. *See Williams v. Seniff,* 342 F.3d 774, 792 (7th Cir.2003); *Head v. Chicago Sch. Reform Bd. of Trs.,* 225 F.3d 794, 801 (7th Cir.2000); *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir. 1992). Powell's pleadings were sufficient to put his opponent on notice of his property interest claim. However, he still founders because the facts he alleges do not amount to a deprivation of property.

Powell claims that he has a property interest in the fees he paid an attorney to defend against the sexual harassment charges. Were he to succeed in his § 1983 suit on other grounds, of course, Powell would be eligible for a discretionary grant of attorney's fees under 42 U.S.C.

§ 1988(b). That is not Powell's claim, however; rather, he contends that his expense in defending himself actually forms the basis for a procedural due process claim.

■ We have not previously addressed this issue, but two of our sister circuits have rejected the claims of individuals protesting disciplinary employment actions who asserted a property interest in the expense of defending themselves in administrative proceedings. *See Workman v. Jordan,* 32 F.3d 475, 480 n. 4 (10th Cir. 1994) ("These incidental losses do not give rise to an independent protected property interest."); *Patton v. Holland,* No. 95–1699, 1996 WL 7970, at *3, 1996 WL 7970 (4th Cir. Jan.8, 1996) (unpublished opinion)[1] ("[Plaintiff] has no property interest in attorney's fees."). The District Court for the Southern District of New York reached the same conclusion in a similar situation, reasoning that "it is well established that citizens may be required to bear the costs of defending against lawsuits." *See All Aire Conditioning, Inc. v. City of New York,* 979 F.Supp. 1010, 1015 (S.D.N.Y.1997). These decisions are consistent with our own observation in dictum, in the context of malicious prosecution and abuse of process, that the expense of defending against a lawsuit is not itself a protectable property interest. *See Smart v. Bd. of Trs. of Univ. of Ill.,* 34 F.3d 432, 434 (7th Cir.1994). We therefore join the other courts to address this issue and hold that Powell has no constitutionally protected property interest in the fees he paid an attorney to defend against sexual harassment charges. To conclude otherwise would mean that every individual who seeks, unsuccessfully, to defend himself in

---

1. Circuit Rule 36(c) of the United States Court of Appeals for the Fourth Circuit permits the citation of an unpublished disposition if it is believed to have "precedential value in relation to a material issue in a case and … there is no published opinion that would serve as well."

an administrative proceeding would have a constitutional tort claim to recoup his expenses in federal court. Powell's counsel's attempt at argument to limit this avenue of relief to those forced to defend against "egregious" administrative charges places no meaningful stopping point on this far-reaching principle.

Powell also identifies a property interest in his earnings and earning capacity as a professor. Although his pay has not been docked, he asserts that "it is reasonable to infer" that the sexual harassment censure may in the future cause him to lose "merit pay, extra class assignments normally to be expected such as summer school, promotion and increased pay, publishing opportunities, paid speaking opportunities, paid sabbaticals, research grants, and the like."

■ Neither the Wisconsin Administrative Code nor the UW–Whitewater University Handbook creates an entitlement to a certain earning capacity level for UW faculty members. Furthermore, where a censured employee retains his job and does not suffer any loss of pay or rank, any alleged harm to his stature or earnings prospects is purely speculative. *See Lowe,* 841 F.2d at 858. Powell "cannot complain that he has been made unemployable; he remains employed, and in a job that has considerable tenure rights attached to it." *Hershinow v. Bonamarte,* 735 F.2d 264, 266 (7th Cir.1984) (holding that a three-day suspension without pay did not infringe police officer's liberty interest). The cases that Powell cites in support of this claim are inapposite; they stand for the proposition that *removal, suspension, or demotion* from a tenured position might create indirect economic effects deserving of due process protection. *See, e.g., Sonnleitner,* 304 F.3d at 716; *Head,* 225 F.3d at 803. Yet here Powell was not removed, suspended, or demoted

from his faculty position. Therefore, his allegation of "reduced earning capacity" does not state a claim under the Due Process clause.

B.  Liberty Interest

Powell also renews his claim that Fujimoto deprived him of a constitutionally protected liberty interest in his occupation by harming his reputation and causing him to suffer the above-mentioned pecuniary losses. His reply brief contends that if Powell "ever were to lose his current employment it is highly unlikely that he would be able to get a job anywhere else given these allegations."

A plaintiff may state a claim for deprivation of liberty by alleging damage to his reputation so long as he also asserts that the government altered a "right or status" he "previously held under state law." *Paul v. Davis,* 424 U.S. 693, 708, 711, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *see also Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Townsend v. Vallas,* 256 F.3d 661, 669 (7th Cir.2001). This has come to be known as the "reputation plus" standard of *Paul v. Davis,* in which the Supreme Court held that injury to reputation, without more, does not implicate due process. *See Paul,* 424 U.S. at 712, 96 S.Ct. 1155; *Trifax Corp. v. District of Columbia,* 314 F.3d 641, 644 (D.C.Cir. 2003). In the context of tenured employment, the Supreme Court has strongly implied that nothing less than termination alters a protected right or status in a way that infringes liberty. *See Siegert v. Gilley,* 500 U.S. 226, 233–34, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ("The facts alleged ... cannot ... state a claim.... The alleged defamation was not uttered incident to the termination of [plaintiff's] employment."). Several circuits have read that decision narrowly, requiring that the

defamed employee be dismissed before she may state a claim for deprivation of liberty. *E.g., Wallin v. Minn. Dep't of Corr.,* 153 F.3d 681, 690 n. 9 (8th Cir.1998); *Ludwig v. Bd. of Trs. of Ferris State Univ.,* 123 F.3d 404, 410 (6th Cir.1997). This court has taken a slightly relaxed view, requiring government employers to provide procedural protections even when demoting the employee to a position "far beneath" that which she occupied before. *Klug v. Chicago Sch. Reform Bd. of Trs.,* 197 F.3d 853, 859–60 (7th Cir.1999); *Lawson v. Sheriff of Tippecanoe County, Ind.,* 725 F.2d 1136, 1139 (7th Cir.1984). Nevertheless, since there is no protected liberty interest in reputation alone, the employment status must be "distinctly altered or extinguished" to trigger due process protections. *Paul,* 424 U.S. at 711, 96 S.Ct. 1155; *Atwell v. Lisle Park Dist.,* 286 F.3d 987, 992–93 (7th Cir.2002).

The district court correctly concluded that Powell's complaint does not state a claim for deprivation of liberty. Powell was not dismissed from his tenured professorship, nor was he transferred nor demoted to an inferior position. Although he asserts in his reply brief that "there is substantial authority" to support his liberty claim, the cases he cites (as well as the majority of successful occupational liberty claims) all involve discharged employees or those who were not rehired. *See Roth,* 408 U.S. at 566, 92 S.Ct. 2701; *Head,* 225 F.3d at 803; *Colaizzi v. Walker,* 812 F.2d 304, 305 (7th Cir.1987); *Munson v. Friske,* 754 F.2d 683, 687 (7th Cir.1985). Powell has not provided, nor have we found, any authority stating that a formal reprimand alone infringes a liberty interest. This claim, therefore, was properly dismissed.

We do not doubt the serious nature of the charges levied against Powell, nor their potential to make difficult his future interactions with UW–Whitewater personnel. Nevertheless, given the lack of case-law support for Powell's due process claim, we conclude that the proper forum for challenging these charges was in state, not federal, court. The district court order is MODIFIED to reflect a dismissal consistent with this order, and as modified, is AFFIRMED.