**Dennis KING**

v.

**John TIMMONEY, et al.**

**No. CIV.A.02–CV–6669.**

United States District Court,
E.D. Pennsylvania.

April 29, 2003.

Robin B. Arnold, City of Philadelphia Law Dept., Philadelphia, PA, Walter S. Jenkins, Palmer & Barr PC, Willow Grove, PA, Michael D. Kristofco, Wisler Pearlstine Talone Craig, et al., Blue Bell, PA, Patrick J. McMonagle, Office of Attorney General, Philadelphia, PA, for defendants.

Glen R. Morris, Philadelphia, PA, for plaintiff.

### MEMORANDUM & ORDER

SURRICK, District Judge.

Plaintiff Dennis King ("Plaintiff") has brought the instant action alleging constitutional violations and seeking relief under 42 U.S.C. § 1983. He named numerous individuals and organizations as defendants, including former Philadelphia Police Commissioner John Timmoney, unknown Philadelphia police officers, the City of Philadelphia, the Montgomery County Sheriff's Department, Montgomery County District Attorney's Office, unknown individual sheriff's office and prison personnel, Montgomery County, and the Commonwealth of Pennsylvania. On March 4, 2003, we ordered the dismissal of all claims against the Commonwealth of Pennsylvania (Doc. No. 9). Presently before the Court is the Motion of Defendant Montgomery County District Attorney's Office to Dismiss Plaintiff's Complaint ("Motion," Doc. No. 3). For the reasons that follow, the Motion will be denied.

### I. FACTS

Plaintiff's Complaint alleges the following facts with respect to Defendant Montgomery County District Attorney's Office ("Defendant"). Plaintiff was convicted of a felony within the Commonwealth of Pennsylvania, and completed serving his maximum sentence on February 25, 1998. (Compl.¶ 15). Plaintiff then commenced serving a consecutive period of probation, and obtained employment in two jobs. (Compl.¶¶ 16, 20). On the evening of August 10, 2000, Plaintiff finished his shift at Checker's Restaurant, and started to walk toward his bus stop. At 10:45 p.m., a Philadelphia police officer stopped Plaintiff and inquired where he was going. Plaintiff cooperated with the officer, and explained that he had just left work. Plaintiff was detained at the scene while the officer checked to see if there were any outstanding warrants for Plaintiff. The officer informed Plaintiff that there was an outstanding warrant for his arrest, and Plaintiff was arrested. After initially transporting Plaintiff to a local police district, the Philadelphia police transported Plaintiff to Montgomery County prison.

Plaintiff was then incarcerated for seventy-five days without a hearing and without explanation. Despite numerous inquiries concerning his incarceration, Plaintiff "was never told anything specific by the Montgomery County Authorities." Sometime after being incarcerated for more than a month without a hearing, Plaintiff hired an attorney, Ronald Kaplan, who filed a habeas corpus petition in the Montgomery County Court of Common Pleas. Kaplan made many efforts to bring his client's incarceration to the attention of the Montgomery County District Attorney's Office, but no action was taken. At the hearing on Plaintiff's habeas petition, the judge inquired as to "why the Plaintiff had been incarcerated at all and, more particularly why he had been held for so long without a hearing." (Compl.¶ 32). The district attorney was unable to explain why this had occurred. The judge ordered that Plaintiff be released immediately, and Plaintiff was released the following day.

Plaintiff claims that as a direct result of this incarceration, he lost both of his jobs, has been unable to find new employment, and has been forced to seek public assistance.

## II. NATURE AND STAGE OF PROCEEDINGS

Plaintiff originally filed an action in this Court under No. 01–CV–3796, based upon the same facts and circumstances alleged in the instant complaint and asserting the same claims. In that action, we dismissed all claims against the Philadelphia Police Department with prejudice, and dismissed claims against Defendant Timmoney without prejudice. *King v. City of Philadelphia*, No. 01–CV–3796, Doc. No. 8, Order filed Oct. 30, 2001. Also in that action, we dismissed Plaintiff's complaint as to the County of Montgomery, the Montgomery County Sheriff, the Montgomery County Correctional Facility, and the Montgomery County District Attorney's Office, granting their collective motion to dismiss as uncontested. *King v. City of Philadelphia*, No. 01–CV–3796, Doc. No. 15, Order filed Dec. 31, 2001. On January 22, 2002, Plaintiff filed a motion to amend his original complaint. We did not have an opportunity to rule on that motion before Plaintiff filed the instant complaint. The two actions were consolidated and Plaintiff's motion to amend his complaint in No. 01–CV–3796 was denied as moot. *King v. City of Philadelphia*, No. 01–CV–3796, Doc. No. 22, Order filed Sept. 30, 2002.

Now, the Montgomery County District Attorney's Office has filed a Motion to Dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that the Montgomery County District Attorney's Office is entitled to absolute immunity for any cause of action pursuant to 42 U.S.C. § 1983 arising from the facts alleged. It also argues that this Court's Order dated January 2, 2002 granting its motion to dismiss as uncontested bars any claims by Plaintiff against Defendant pursuant to Federal Rule of Civil Procedure 41(b).

## III. LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6),[1] this Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) . . . is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990) (citing *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988)); see *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). For this reason, district courts strongly disfavor Rule 12(b)(6) motions. *Melo–Sonics Corp. v. Cropp*, 342 F.2d 856 (3d Cir.1965); *Kuromiya v. United States*, 37 F.Supp.2d 717, 722 (E.D.Pa.1999). A court will only dismiss a complaint if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc.*, 492 U.S. at 249–50, 109 S.Ct. 2893 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *Neitzke v. Williams*, 490 U.S. 319, 326–327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Nevertheless, a court need not credit a plaintiff's "bald assertions" or "le-

---

1. Rule 12(b)(6) provides that:
   Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted. . . .
   Fed.R.Civ.P. 12(b)(6).

gal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997).

In reviewing a Rule 12(b)(6) motion based on a claim of absolute immunity, we must construe the facts in a manner most favorable to the plaintiff, "in order to determine whether the official behavior he describes falls outside the cloak of official immunity." *Kulwicki v. Dawson,* 969 F.2d 1454, 1462–63 (3d Cir.1992).

## IV. DISCUSSION

■ We first consider Defendant's argument that our prior order disposes of the instant claims. Defendant urges this Court to dismiss Plaintiff's complaint based on our prior order that dismissed claims against the District Attorney's Office as uncontested under Local R. Civ. P. 7.1(c). Defendant argues that our earlier order acts as an adjudication upon the merits pursuant to Federal Rules of Civil Procedure 41(b), and that the doctrine of claim preclusion bars its reconsideration. Rule 41(b) states, in pertinent part:

> *Unless the court in its order for dismissal otherwise specifies,* a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b) (emphasis added). In our Order dated January 2, 2002, we explicitly stated that Defendant's motion was granted as uncontested. We note that the language of Rule 41(b) does not speak in terms of "with prejudice" or "without prejudice"; rather, the test is whether an order specifies that the decision is an adjudication on the merits or not. Our research has disclosed no case where a motion that was granted as uncontested or unopposed was treated as equivalent to an adjudication on the merits. In fact, courts in this

district and the Third Circuit itself have consistently indicated the contrary. *See, e.g., Kelly v. Borough of Sayreville,* 107 F.3d 1073, 1076 (3d Cir.1997) (observing that a court chose to grant a Rule 12(b)(6) motion on the merits rather than as unopposed); *Kacher v. Pittsburgh Nat'l Bank,* 545 F.2d 842, 844 (3d Cir.1976) (noting that an ex parte motion before the Third Circuit was granted as unopposed and not on the merits); *McCracken v. Ford Motor Co.,* No. 01–4466, 2001 WL 1526051, *1 n. 1 (E.D.Pa. Nov.27, 2001) ("The Court recognizes that in its discretion, it could grant the motion as uncontested pursuant to Local Rule 7.1(c). However, the Court has declined to do so and instead has considered the motion on its merits."). We decline to give our prior order the construction suggested by Defendant, and will instead consider the question of whether Defendant is entitled to absolute immunity on the merits.

Although 42 U.S.C. § 1983 is written broadly to subject "[e]very person" acting under state law to liability for depriving any other person of constitutional protections, the Supreme Court has consistently recognized that § 1983 did not abolish common law immunities. *Burns v. Reed,* 500 U.S. 478, 484, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). The Supreme Court has taken a functional approach to the question of whether prosecutors are absolutely immune from liability under § 1983, explaining that "conduct in 'initiating a prosecution and in presenting the State's case,' ... insofar as that conduct is 'intimately associated with the judicial phase of the criminal process'" is entitled to such immunity. *Id.* at 486, 111 S.Ct. 1934 (1991) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430–431, 96 S.Ct. 984, 47 L.Ed.2d 128). An official who seeks absolute immunity "bears the burden of showing that such immunity is justified for the function in question." *Id.* Moreover, "[t]he pre-

sumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties. We have been 'quite sparing' in our recognition of absolute immunity, ... and have refused to extend it any 'further than its justification would warrant.'" *Id.* (citations omitted). This limited recognition of absolute immunity is based, in part, on the view that "[w]here an official could be expected to know that his conduct would violate statutory or constitutional rights, he *should* be made to hesitate." *Burns,* 500 U.S. at 494, 111 S.Ct. 1934 (emphasis in original). With respect to the functional analysis, the Third Circuit has stated:

> Three factors determine whether a government official should be given absolute immunity for a particular function: 1) whether there is "a historical or common law basis for the immunity in question;" 2) whether performance of the function poses a risk of harassment or vexatious litigation against the official; and 3) whether there exist alternatives to damage suits against the official as means of redressing wrongful conduct.

*Kulwicki v. Dawson,* 969 F.2d 1454, 1463 (3d Cir.1992) (citations omitted).

■■■ Under this functional analysis, activities that do not fall within the prosecutor's role as advocate for the state are not protected by absolute immunity. "A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons,* 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Specifically, a prosecutor who "functions as an administrator rather than as an officer of the court" is entitled only to qualified, and not absolute, immunity. *Id.* at 273, 113 S.Ct. 2606 (quoting *Imbler v. Pachtman,* 424 U.S. 409, 431 n. 33, 96

S.Ct. 984, 47 L.Ed.2d 128 (1976)). Prosecutors do not benefit from absolute immunity for actions such as false statements in the public announcement of an indictment, or actions that are investigative in nature prior to a finding of probable cause to arrest. *Buckley,* 509 U.S. at 274–76, 113 S.Ct. 2606. Moreover, the Third Circuit has found that absolute immunity does not extend to allegations that a district attorney's office failed to establish proper training, supervision and discipline policies which would reduce the likelihood that false information would be introduced as evidence at trial. *Carter v. City of Philadelphia,* 181 F.3d 339, 356 (3d Cir.1999).

■■■ Here, to the extent that Plaintiff alleges that the District Attorney's office failed to take the necessary steps in securing a timely hearing date, such allegations are administrative in nature and not within the district attorney's role as advocate for the state. We will not extend absolute immunity to cover these administrative actions. Defendant has not met its burden of showing that this function is deserving of absolute immunity. Defendant contends that because Plaintiff was under arrest at this time, "[c]ertainly, at that point, the Montgomery County District Attorney's Office would have been acting in its prosecutorial (and not discretionary) authority." (Mot. to Dismiss, Mem. sec. II). However, it does not follow from the mere fact that an arrest has occurred that all of the actions taken by a prosecutor are protected by absolute liability. *See, e.g., Buckley v. Fitzsimmons,* 509 U.S. 259, 277–78, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (finding that a prosecutor's out-of-court statements to the press announcing an indictment of a defendant were not entitled to absolute immunity under *Imbler,* as such comments had no functional tie to the judicial process merely because they were made by a prosecutor, and the

prosecutor was not acting in his role as advocate for the state).

Moreover, we do not see how granting absolute immunity based on allegations that the District Attorney's office failed to schedule a hearing would significantly advance the public policies behind absolute immunity. There is no risk, for example, that the district attorney's exercise of independent judgment in prosecutions would be compromised by failing to grant absolute immunity for the District Attorney's office's role in failing to secure a hearing under circumstances such as these. *Ernst v. Child and Youth Servs. of Chester County,* 108 F.3d 486, 494 (3d Cir.1997) (noting public policy considerations favoring absolute immunity). Nor do we think that Defendant would face greater difficulty in meeting the standard for qualified immunity than other executive or administrative officials under these circumstances. *Id.* at 494–95. Furthermore, there is no risk here that failure to afford absolute immunity would undermine the criminal justice system because it might lead to circumstances where prosecutors would be hesitant "to tender evidence that, while relevant, might conceivably turn out to be fabricated by the witness." *Id.* at 495. Although it is true that prosecutors might be diverted from their official duties by having to defend such suits, *id.* at 494, we do not think under these facts that this concern is controlling. Under the circumstances we are compelled to conclude that Defendant is not entitled to absolute immunity on the record as it presently stands.

## V. CONCLUSION

Discovery may ultimately disclose that the Montgomery County District Attorneys' Office is not liable in the instant suit. However, Defendant has made no argument at this juncture that allegations that the District Attorney's office failed to take the necessary action in securing a hearing

fall outside the scope of its responsibility. Since we have rejected Defendant's claim of absolute immunity based on these allegations, we will deny Defendant's motion, and allow the case against Defendant to proceed to discovery.

An appropriate order follows.

### ORDER

**AND NOW,** this 29th day of April, 2003, upon consideration of the Motion of Defendant Montgomery County District Attorney's Office to Dismiss Plaintiff's Complaint ("Motion," Doc. No. 3), it is ORDERED that the Motion is DENIED.

**IT IS SO ORDERED.**