

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2005

# Dubois v. Vargas

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1647

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Dubois v. Vargas" (2005). *2005 Decisions.* Paper 568.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/568

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-349                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-1647
_____

PASCAL J. DUBOIS,
Appellant

v.

SANDRA VARGAS, Health Adm; CORRECTIONAL MEDICAL SERVICES, C.M.S.;
MIDDLESEX COUNTY ADULT CORRECTION CENTER, MCACC

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 2:04-cv-01351)
District Judge: Honorable William G. Bassler

_____

Submitted For Consideration of Appellant's Motions Pursuant to
3rd Cir. LAR Misc. 107.2 and 28 U.S.C. § 1915(a) and
For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 25, 2005

Before:  RENDELL, FISHER AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed:  September 7, 2005)

_____

OPINION
_____

PER CURIAM

Pro se litigant Pascal Dubois, an inmate in New Jersey state prison, filed an action pursuant to 42 U.S.C. § 1983 against Sandra Vargas, Correctional Medical Services ("C.M.S.") and Middlesex County Adult Correctional Center ("MCACC"), in which he alleged that defendants had violated his civil and constitutional rights by placing a defamatory statement in his medical transfer file while he was a pre-trial detainee. Upon granting his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the District Court ordered that the Complaint be filed and then *sua sponte* dismissed the Complaint with prejudice for failure to state a claim upon which relief may be granted as required by 28 U.S.C. § 1915(e)(2)(B)(ii).

Dubois timely filed a notice of appeal, but failed to pay the required fees or apply to proceed in this Court *in forma pauperis*. The appeal was then dismissed for failure to timely prosecute pursuant to LAR 3.3 and LAR Misc. 107.1(a). Believing that the appeal had been dismissed for failure to file a brief, Dubois submitted a brief and requested that the appeal be reinstated. Upon request, Dubois then filed a completed application to proceed *in forma pauperis*. Because Dubois's appeal was originally closed for failure to pay fees or to apply to proceed *in forma pauperis*, and because his *in forma pauperis* application is now complete and demonstrates that he has no appreciable assets, both his motion to reopen the appeal and motion to proceed *in forma pauperis* are granted. However, his appeal will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Having granted

2

Dubois leave to proceed *in forma pauperis* on appeal, we must now determine whether Dubois's appeal should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed as frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). The District Court dismissed Dubois's Complaint for failure to state a claim on which relief may be granted. For such a dismissal, it must be clear as a matter of law that "'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. at 327, 109 S. Ct. at 1832 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). In reaching this determination, the District Court is obliged to accept the truth of all factual allegations set forth in the complaint and all reasonable inferences that can be drawn from them. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). The complaint may not be dismissed with prejudice if it can be cured by amendment. Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

According to Dubois's Complaint, prior to his transfer from MCACC to the Central Reception and Assignment Facility ("C.R.A.F."), defendant Sandra Vargas, who is employed by defendant C.M.S. as a health administrator, wrote in his medical transfer file "MANIPULATIVE IMPULSIVE PREVIOUS SUICIDE ATTEMPTS." Upon Dubois's arrival at C.R.A.F., Licensed Practical Nurse Alyce Richardson conducted a four hour intake screen at which she wrote in Dubois's file "MANIPULATIVE IMPULSIVE PREVIOUS SUICIDE ATTEMPTS PER TRANSFER SHEET INMATE

3

DENIES ALL OF IT." (At. Br., Ex. D.) Only a copy of the intake form completed at C.R.A.F. is included in the record. It is not clear whether Dubois has actually seen a copy of the form allegedly filled out by Vargas. Based on her screening, Nurse Richardson referred Dubois to the Mental Health Department.

According to Dubois, after his arrival at C.R.A.F.,

> Correctional Officer Carter retaliated against him by threatening to put a shank in him, by subjecting him to cruel and unusual punishment, and by repeating what defendant Vargas had written in his medical transfer sheet, moving Plaintiff to a top bunk even though he had documentation for a lower bunk due to his permanent back injury, and moving him from his cell to the worst cell in C.R.A.F., which had no hot water, a leaking faucet and a toilet that flooded his cell and destroyed his legal documents for his pending cases and his appeal. In addition to the fact that Officer Carter also falsely accused Plaintiff Dubois to be suicidal, based on defendant Vargas' false and malicious written statements, which the psychologist/psychiatrist at C.R.A.F. cleared him of.

Complaint ¶ 5. It is not clear from the record whether Correctional Officer Carter ever saw Dubois's medical file. However, Dubois has provided as an exhibit to his appellate brief a referral form filled out by Carter on September 20, 2003 requesting a mental health evaluation for Dubois based on depression, aggressive behavior, anxious unusual behavior and "crazy speech." (At. Br., Ex. E.) Carter made no mention of the notation at issue in this case in the referral form.

As the District Court explained, Dubois's claims against C.M.S. and MCACC lack merit because liability under 42 U.S.C. § 1983 cannot be based solely upon the doctrine of respondeat superior. See Natale v. Camden County Corr. Facility, 318 F.3d 575, 583

4

(2003). In order to establish liability on the part of C.M.S. or MCACC, Dubois would have to present evidence that Vargas's actions were the result of some relevant organizational policy or custom, the implementation of which resulted in a violation of Dubois's constitutional rights. Id. at 583-84. As Dubois has not articulated any such policy or custom, his claims against C.M.S. and MCACC properly were dismissed.

With respect to Dubois's claims against Vargas, Dubois has failed to articulate a constitutional right which has been violated so as to support his section 1983 claim. In order to state an actionable claim under 42 U.S.C. § 1983, a plaintiff alleging injury to his liberty interest in his reputation must allege that he has suffered an additional deprivation of a constitutional right in connection with the injury. Kelly v. Borough of Sayreville, 107 F.3d 1073, 1077-78 (3d Cir. 1997); see also Paul v. Davis, 424 U.S. 693, 712, 96 S. Ct. 1155, 1166, 47 L. Ed. 2d 405 (1976) (claim for violation of federal constitutional rights cannot be based solely on state law defamation claim).

Dubois argues that Correctional Officer Carter's actions amounted to cruel and unusual punishment and that they occurred as a result of Vargas's statement.[1] However, the additional injury to the plaintiff must emanate "from some further action by the defendant in addition to the defamation." Aversa v. United States, 99 F.3d 1200, 1216 (1st Cir. 1996); see also Siegert v. Gilley, 500 U.S. 226, 234, 111 S. Ct. 1789, 1794, 114

---

[1] We note that, due to Dubois's status (according to his Complaint) as a pretrial detainee, his claims, if any, would be cognizable under the due process clause rather than the Eighth Amendment.

L. Ed. 2d 277 (1991). As Dubois does not allege that Vargas herself took any action against him that would constitute a due process violation, and as his allegations against C.O. Carter cannot be used to support his claim against Vargas, Dubois has not established a due process violation to support his § 1983 claim against Vargas.

Dubois has not alleged the violation of any other constitutional or statutory right effected by Vargas's alleged defamation.[2] Because Dubois has failed to state a claim against Vargas under 42 U.S.C. § 1983, and because we believe he could not amend his Complaint to do so, we conclude that the District Court properly dismissed the Complaint pursuant to 28 U.S.C. § 1915(e).

Finally, in his appellate brief, Dubois argues that the District Court should not have dismissed his claim of defamation under New Jersey law. (At. Br. 6-7.) However, Dubois failed to raise such a claim in his Complaint. In any event, the District Court would likely have declined to exercise supplemental jurisdiction over such a claim under

---

[2] In Appellant's brief, he claims for the first time that Vargas's alleged notation in his medical transfer file was made in retaliation for his filing of a civil complaint against her for the denial of medical care. (At. Br. 7.) The First Amendment does guarantee prisoners access to the courts. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citing Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002)). A prisoner alleging retaliation in violation of his civil rights must show (i) that he engaged in constitutionally protected conduct; (ii) that an adverse action was taken by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights'" and (iii) that there was a causal relationship between the two. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). As Dubois has failed to satisfy the second and third prongs of this test, his Complaint cannot be read to state a claim of retaliation.

the circumstances.  <u>See</u> 28 U.S.C. § 1367(c)(3) (granting district court discretion to decline to exercise supplemental jurisdiction over state law claim if district court has dismissed all claims over which it had original jurisdiction); <u>see also</u> <u>Growth Horizons, Inc. v. Delaware County, Pennsylvania</u>, 983 F.2d 1277, 1284-85 (3d Cir. 1993) (decision to dismiss dependent claim based on point in litigation when primary claim is dismissed and other surrounding circumstances).  Of course, as this claim has not been raised or addressed in the District Court, Dubois remains free to pursue it in state court should he so choose.

Accordingly, the motions to reopen and to proceed *in forma pauperis* are granted and the appeal will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).